DELL, Judge.
Phil Haversham appeals his burglary conviction. The victim, Mrs. Rondeau, and her husband were staying with Mrs. Rondeau’s aunt while on vacation from Illinois. She left her purse in the kitchen and locked the kitchen door before the family retired. The next morning she noticed nothing amiss in the kitchen at 10:00 A.M., but when she returned an hour later, she found the back door standing open and her purse missing.
Between 10:00 and 11:00 A.M. a witness saw appellant rummaging through the bushes of the back yard of a house two doors away from the Rondeau house. This witness did not see appellant take anything from the bushes. The purse and its scattered contents were discovered in these bushes shortly thereafter. A police officer apprehended appellant nearby and the witness identified him as the man he had seen.
At trial, the officer, the witness and others who had seen appellant in the area testified to the inconsistent stories appellant had given to explain his presence in the area. Mr. Rondeau, an evidence technician in the State of Illinois, testified that he noticed a greasy footprint on the back porch, similar in design and size to appellant’s shoes. Appellant’s counsel objected to this testimony on the grounds that the existence of a footprint had not been disclosed during discovery. The prosecutor told the court that he had not known of it either. He explained that the Rondeaus had only returned to Florida the morning of the trial and that he gave appellant’s counsel an opportunity to speak with them prior to trial. The court ordered examination to continue.
The prosecutor then proceeded to qualify Mr. Rondeau as an expert witness and questioned him further about the footprint. Mr. Rondeau testified that he found the footprint on the back porch that morning, that he pointed it out to the police, that he compared the print to appellant’s shoes and found them to be of a similar size and pattern. On cross examination, he testified that he did not measure the shoe or the print or in any way conduct a professional, expert examination thereof. He merely pointed out the similarity to the police. He stated that he did not know if they were identical and he made no identification of the print.
The police did not test the purse, the contents of the purse, or the kitchen for fingerprints. They did not compare the footprint with appellant’s shoes. The State did not introduce the footprint because the police had not preserved it.
Appellant contends the trial court erred by admitting Rondeau’s expert testimony, which had not been disclosed during discovery, without conducting a hearing in conformity with Richardson v. State, 246 So.2d 771 (Fla.1971). He further contends that without this evidence, the State did not establish a prima facie case and the trial court should have granted his motion for judgment of acquittal.
If the State does not disclose the identity of a witness, as required by Rule 3.220(a)(l)(i), Florida Rules of Criminal Procedure, then the witness may not testify unless the court first conducts a hearing to *402 determine whether the State’s discovery violation was willful or inadvertent, whether the violation was trivial or substantial, and whether the violation has prejudiced the defendant’s ability to properly prepare for trial. Richardson, supra. The protection of Richardson requires more than the mere disclosure of the identity of a witness. It requires the State fully to comply with the rules of discovery. Cumbie v. State, 345 So.2d 1061 (Fla.1977). Admission of undisclosed evidence without conducting a Richardson inquiry renders a conviction reversible as a matter of law. Brey v. State, 382 So.2d 395 (Fla. 4th DCA 1980).
The trial court made only a cursory inquiry into the facts leading up to the testimony of Mr. Rondeau. The result of that inquiry disclosed at best that the State’s failure to disclose the footprint evidence was inadvertent rather than willful. However, the fact remains that the State had knowledge of the footprint evidence and because the footprint constituted the only evidence which would establish appellant’s presence at the victim’s home, the violation can only be considered as substantial. The lack of knowledge of the footprint evidence severely prejudiced appellant from adequately preparing for trial. Appellant was deprived of the opportunity of presenting rebuttal expert testimony and from effectively cross examining Rondeau.
Additionally, we question whether or not the State laid a proper predicate for the admission of Rondeau’s testimony. However, appellant has not otherwise questioned the admissibility of the footprint evidence. Accordingly, we do not reach the question of the denial of appellant’s motion for judgment of acquittal but leave this to the trial court to be reconsidered in light of its determination on admissibility of the footprint evidence.
Because of the lack of an adequate Richardson inquiry, we reverse and remand this cause for a new trial.
REVERSED and REMANDED.
LETTS, C.J., and WALDEN, J., concur.