462 So.2d 446 (1985)
Lloyd DUEST, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 63678.
Supreme Court of Florida.
January 10, 1985.
*447 R.E. Conner, Plantation, for appellant.
Jim Smith, Atty. Gen., and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
ADKINS, Justice.
This cause is before the Court on direct appeal from a circuit court judgment adjudicating Lloyd Duest guilty of first-degree murder for which the sentence of death was imposed. This Court has jurisdiction. *448 Art. V, § 3(b)(1), Fla. Const. We affirm the conviction and sentence.
On February 15, 1982, defendant was seen by witnesses carrying a knife in the waistband of his pants. Subsequently, he told a witness that he was going to a gay bar to "roll a fag." Defendant was later seen at a predominantly gay bar with John Pope, the victim. The two of them then left the bar in Pope's gold Camaro. Several hours later, Pope's roommate returned home and found the house unlocked, the lights on, the stereo on loud, and blood on the bed. The sheriff was contacted. Upon arrival, the deputy sheriff found Pope on the bathroom floor in a pool of blood with multiple stab wounds. Defendant was found and arrested on April 18, 1982.
Defendant was tried and found guilty of first-degree murder. In accordance with the jury's advisory recommendation, the trial judge imposed the death sentence.
Defendant first argues that the trial court erred in allowing two state witnesses to testify over defense counsel's objections. Defendant claims that the state did not provide defense counsel with the names and other material information concerning two of its rebuttal witnesses until during the trial; therefore, counsel was unable to properly prepare for trial and defendant was prejudiced as a result of the non-disclosure.
The established rule in this state is that if the state fails to disclose the identity of a witness, as mandated by Rule 3.220(a)(1)(i), Florida Rules of Criminal Procedure, then the witness cannot testify unless the court first conducts a hearing to determine whether the omission was willful or inadvertent, whether the omission was trivial or substantial, and whether the omission has prejudiced the defendant's ability to properly prepare his case. Richardson v. State, 246 So.2d 771, 775 (Fla. 1971). See also Haversham v. State, 427 So.2d 400 (Fla. 4th DCA 1983). In the instant case, there was full disclosure as to why both state rebuttal witnesses were not thoroughly identified, including their whereabouts prior to trial. The significance of their testimony was explored as well as the impact on the defendant's ability to properly prepare for trial. Defense counsel had the opportunity to speak with both witnesses prior to their testimony and conceded at trial that there was no prejudice to the defendant other than the simple fact that the witnesses had not been fully disclosed prior to trial.
Based on the facts contained in the record, we find that the trial judge fully complied with the mandate of Richardson. There was no abuse of discretion in the decision of the trial judge to permit the two state rebuttal witnesses to testify.
Defendant next argues that his sixth amendment rights were abrogated when the prosecutor insulted defense counsel during cross-examination of a state witness. Defendant contends that such comments warranted the granting of his motion for mistrial.
The proper procedure to take when objectionable comments are made is to object and request an instruction from the court that the jury disregard the remarks. Ferguson v. State, 417 So.2d 639 (Fla. 1982). No request was made in this case. Moreover, a mistrial is appropriate only when the error committed was so prejudicial as to vitiate the entire trial. Cobb v. State, 376 So.2d 230 (Fla. 1979). We believe that the comments of the prosecutor did not so prejudice the defendant. Thus, we find that the trial judge did not abuse his discretion in denying defendant's motion for mistrial.
Defendant further contends that there was insufficient evidence of premeditated murder to convict him as charged in the indictment. Premeditation, like other factual circumstances, may be established by circumstantial evidence. Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982). Such circumstantial evidence must not only be consistent with the defendant's guilt, but must also be inconsistent with any reasonable hypothesis of innocence. Peek v. State, 395 So.2d 492 (Fla. 1980), *449 cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981). The record reflects that defendant had stated he gets his money by "rolling gay guys" and that he intended to do the same on the day that the victim was murdered. Defendant was seen with the victim at a gay bar immediately prior to the murder and was seen leaving the bar with the victim in the victim's car. Shortly thereafter, defendant was seen driving the victim's car alone. At that time, witnesses saw blood stains on the sleeve of his jogging suit. The victim's stolen jewelry case was also seen in the car which was being driven by defendant after the murder. Moreover, on the day of the murder, defendant had in his possession a seven-inch knife. The cause of death in this case was multiple stab wounds. We find that there was sufficient circumstantial evidence to sustain defendant's conviction of premeditated murder.
Defendant also argues that the trial court erred in allowing the introduction of a prejudicial photograph which was irrelevant to any essential issue in the case. The law is well established that admission of photographic evidence is within the trial court's discretion and that a court's ruling will not be disturbed on appeal unless there is a showing of clear abuse. Wilson v. State, 436 So.2d 908 (Fla. 1983). No such showing has been made in this case. The photograph was relevant and any improper prejudicial impact did not outweigh its probative value. See Adams v. State, 412 So.2d 850 (Fla. 1982), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982).
Finally, defendant objects to the trial court's findings with respect to the aggravating and mitigating circumstances. The trial court found the following aggravating circumstances: 1) the defendant had been previously convicted of armed robbery and assault with intent to commit murder, section 921.141(5)(b); 2) the capital felony was committed while the defendant was engaged in the commission of a robbery, section 921.141(5)(d); 3) the capital felony was committed for pecuniary gain, section 921.141(5)(f); 4) the capital felony was especially heinous, atrocious, or cruel, section 921.141(5)(h); 5) the capital felony was a homicide which was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification, section 921.141(5)(i). The trial court considered circumstances 2 and 3 as one circumstance because of overlapping facts and legal definitions. Therefore, four aggravating circumstances were applicable. As to mitigating circumstances, none were applied to this case.
Defendant only challenges two of the aggravating circumstances. He asserts that the murder was not particularly heinous, atrocious or cruel. We disagree with the defendant. The evidence presented at trial shows that the victim received eleven stab wounds, some of which were inflicted in the bedroom and some inflicted in the bathroom. The medical examiner's testimony revealed that the victim lived some few minutes before dying.
This case is similar to Morgan v. State, 415 So.2d 6 (Fla. 1982), where the evidence showed that the death was caused by one or more of ten stab wounds. In that case, this Court approved the finding that the homicide was especially heinous, atrocious, or cruel. Under the totality of the circumstances and applying our previous decisions to the facts of the instant case, we find that trial court properly applied this aggravating circumstance.
Defendant also challenges the finding that the homicide was committed in a cold, calculated, and premeditated manner. In finding that this aggravating circumstance applied, the trial court found:
Evidence adduced at trial indicated that defendant informed witness Demezio some two days prior to the murder that he brings homosexuals back to their apartments, beats them up, and takes their money or jewelry. Defendant on the day of the murder went to his temporary residence with the victim, went into the closet where Demezio kept a dagger and left the residence with John Pope, Jr., the victim. The dagger was later *450 discovered missing, and John Pope, Jr. was later discovered at his home, dead. His car and jewelry box were missing.
We find that the evidence supports the finding that the homicide was committed in a cold, calculated, and premeditated manner.
In the instant case, even if we were to find that one or two of the aggravating circumstances found by the trial judge, was inapplicable, it would still be appropriate to maintain the death penalty. Fleming v. State, 374 So.2d 954 (Fla. 1979); Hargrave v. State, 366 So.2d 1 (Fla. 1978), cert. denied, 444 U.S. 919, 100 S.Ct. 493, 62 L.Ed.2d 414 (1979).
For the reasons expressed, we affirm the defendant's conviction and the imposition of the death sentence.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.