528 So.2d 1169 (1988)
Ernest Lee ROMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 72159.
Supreme Court of Florida.
May 19, 1988.
Rehearing Denied August 23, 1988.
Larry Helm Spalding, Capital Collateral Representative and Judith J. Dougherty, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, and Mark E. Olive, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
SHAW, Justice.
Ernest Lee Roman, under sentence of death and execution warrant, appeals the trial court's denial of post-conviction relief under Florida Rule of Criminal Procedure 3.850 and stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. Having granted a stay of execution on March 31, 1988, we hereby vacate the conviction and sentence of death and remand for a new trial.
This Court affirmed Roman's conviction and sentence of death for the first-degree murder of two-year-old Tasha Marie Smith. Roman v. State, 475 So.2d 1228 (Fla. 1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986).[*] Pursuant to the Florida Rules of Criminal Procedure, rule 3.850, Roman filed with the trial court an emergency motion to vacate judgment and sentence with special request for leave to amend, motion for stay of execution, and request for continuance of evidentiary hearing in which he presented the following claims for relief:
I. Trial counsel was ineffective vis-a-vis mental health issues.
II. Roman was incompetent and trial counsel ineffectively failed to request further testing and a competency hearing.
III. Trial counsel ineffectively failed to request a jury instruction that the state must prove the defendant's sanity at the time of the offense. The failure to so instruct is fundamental error.
IV. Trial counsel was ineffective for crying in response to the state's evidence and for arguing that a mistrial was unnecessary. The court held hearings regarding the issue in the absence of Roman.
V. The state failed to reveal exculpatory information.

*1170 VI. Trial counsel was ineffective for failing to challenge inconsistencies in witness testimony, for failing to impeach state witnesses, and for conceding that Roman committed the murder.
VII. Florida Standard jury instruction 3.04(b) unlawfully relieves the state of its burden to prove sanity.
VIII. Trial counsel failed to require the court to correctly instruct the jury on the voluntariness of Roman's statement and the state's burden of proof.
IX. Trial counsel ineffectively failed to examine a Dr. Barnard regarding the statutory mitigating factor that Roman was under extreme mental or emotional disturbance.
X. Trial counsel ineffectively failed to collaterally attack a prior conviction used in aggravation.
XI. Other errors. Trial counsel was ineffective for (1) failing to object when the judge communicated with the jury in Roman's absence; (2) for informing the court in Roman's absence that a defense expert found certain physical evidence inculpatory; and (3) for allowing the state to introduce evidence that the police did not believe Roman was mentally ill, guilty people will not speak to the police, other suspects were eliminated, defendants typically use drunkenness or insanity to escape responsibility, guilty people typically vomit while confessing, Florida does not excuse criminality because of intoxication.
The court found Roman's claims either facially insufficient, procedurally barred, or refuted by the record, and denied all relief. Roman appeals the denial, rearguing the claims raised below. We find dispositive his claim that the state failed to disclose exculpatory evidence.
Roman introduced expert testimony that he does not know right from wrong when intoxicated. Thus, a primary issue at trial was whether or not Roman was drunk at the time of the offense. The state presented seven witnesses who testified that Roman was not drunk during the evening of March 13, 1981 or the early morning hours of March 14, 1981. The defense presented three witnesses who testified to the contrary. Arthur Reese testified for the state that Roman did not appear intoxicated at any time on the evening of March 13, or in the early morning hours of March 14, when he returned to the trailer, which he shared with Reese. Unknown to Roman at the time of trial or appeal was the fact that Reese had given the following contrary account to the police on March 15:
Thompson: And you went directly to bed (inaudible)?
Reese: Yes, sir ... It was about 1:30 from (inaudible) ...
Thompson: About 1:30.
Reese: Yes, sir.
Thompson: How long did you sleep?
Reese: I wasn't asleep really, I was there, I guess, 15 minutes, something like ... 10, 15 minutes.
Thompson: Before Ernest came in?
Reese: Yes, sir.
Thompson: And he walked in the little trailer, did he go to bed?
Reese: No, sir, ah, he stammered, well you know ... he's not fully developed upstairs and he stammered and stomped around for awhile and ... I figured he had a wine jug outside, he was drinking... .
Reese's trial testimony was inconsistent with the March 15 statement and the following additional undisclosed statement which he gave to the police on March 14:
Galvin: When you finally left Millie's trailer and went around to the camper where you sleep there's a, was Ernest [Roman] there?
Reese: No, sir.
Galvin: Do you have any idea how long it was before he came in and you were aware of him being there?
Reese: Well, when he opened the door he woke me up, cause he, he was drunk.
... .

*1171 Galvin: Did you rouse yourself enough to take notice of what he was doing, or what he might be doing.
Reese: Well he was just kind of more or less in a drunken stupor... .
... .
Galvin: What did you say to him?
Reese: I talked to him, he said, well we got to get up early and go out and he's got a little old stand where he sells stuff on, they got a license resale, and he talked quite a bit about that, and that's about it. Well he was kind of drunk but you know, you can figure how a person is when their drunk.
The state concedes that its failure to disclose these statements was a discovery violation, but argues that the nondisclosure was harmless. The state claims that the defense impeached Reese's credibility with a prior inconsistent statement, and that further impeachment with the undisclosed statement would not have changed the trial's result. Although the defense impeached Reese, the state successfully rehabilitated the witness on redirect examination. Further, Reese's undisclosed statements were important not only for impeachment purposes, but for content as well. Given this trial's circumstantial nature, we cannot say beyond a reasonable doubt that the state's failure to disclose Reese's prior statement did not contribute to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we vacate Roman's conviction for first-degree murder and sentence of death, thereby rendering moot the remaining claims. We remand to the trial court for a new trial.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion, in which OVERTON, J., concurs.
GRIMES, Justice, concurring.
If Reese were just one of seven witnesses who testified that at some time that night Roman was not drunk, a reversal of the conviction would not be indicated. However, Reese was the only witness to give testimony concerning Roman's condition between midnight and 3:00 a.m., which was the time period during which the crime was committed.
Reese testified at the trial that Roman was sober all night. However, in his transcribed statement which the state concedes was not furnished to the defense, Reese said that Roman was staggering drunk at 1:45 a.m. Given the fact that there was expert testimony that Roman would have been insane if he were drunk, the inability to impeach Reese with his prior statement becomes significant. Hence, I concur that a new trial is required.
OVERTON, J., concurs.
NOTES
[*] Prior to our affirmance, we denied Roman's petition for habeas corpus relief requesting a hearing regarding his mental health. Roman v. State, 469 So.2d 750 (Fla. 1985).