555 So.2d 849 (1990)
Lloyd DUEST, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Lloyd DUEST, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75039, 75254.
Supreme Court of Florida.
January 18, 1990.
Larry Helm Spalding, Capital Collateral Representative, and Martin J. McClain, Deputy Chief Asst. CCR, and Judith J. Dougherty, Asst. CCR, Tallahassee, for petitioner/appellant.
*850 Robert A. Butterworth, Atty. Gen., and Celia A. Terenzio and Sylvia H. Alonso, Asst. Attys. Gen., West Palm Beach, for respondent/appellee.
PER CURIAM.
This is a petition for writ of habeas corpus and an appeal from the denial of a motion for postconviction relief following an evidentiary hearing. Because the death sentence was imposed in this case, we have jurisdiction under article V, section 3(b)(1) and (9), of the Florida Constitution. In order to give adequate consideration to the issues involved, this Court temporarily stayed Duest's impending execution. We now conclude that Duest is entitled to no relief.
Duest was convicted of first-degree murder. Pursuant to the jury's recommendation, the trial judge imposed the death penalty. This Court affirmed both the conviction and the sentence. Duest v. State, 462 So.2d 446 (Fla. 1985). We described the circumstances of the crime as follows:
On February 15, 1982, defendant was seen by witnesses carrying a knife in the waistband of his pants. Subsequently, he told a witness that he was going to a gay bar to "roll a fag." Defendant was later seen at a predominantly gay bar with John Pope, the victim. The two of them then left the bar in Pope's gold Camaro. Several hours later, Pope's roommate returned home and found the house unlocked, the lights on, the stereo on loud, and blood on the bed. The sheriff was contacted. Upon arrival, the deputy sheriff found Pope on the bathroom floor in a pool of blood with multiple stab wounds. Defendant was found and arrested on April 18, 1982.
Id. at 448.

Motion for Postconviction Relief
Duest raises numerous claims, only two of which merit discussion. Duest first contends that he is entitled to a new trial because the state failed to disclose exculpatory evidence in violation of rule 3.220 of the Florida Rules of Criminal Procedure. In order to understand Duest's argument, it must be pointed out that Duest's defense at the trial was that of alibi. A number of relatives and friends testified that they had seen him in Watertown, Massachusetts, on February 15, 1982, the date on which the murder was committed. At the evidentiary hearing on the motion for postconviction relief, it was developed that among Duest's personal effects contained in the police files was a bus ticket dated April 5, 1982, reflecting travel from Boston to Fort Lauderdale. The existence of this ticket was unknown to the prosecutor and had not been disclosed to the defense as part of discovery. Duest contended that had he known of the existence of this ticket, he could have introduced it into evidence at the trial in order to corroborate the testimony of his mother and father that they put him on the bus in Boston en route to Florida on April 5, 1982.
While it appears that the state inadvertently failed to furnish the ticket to the defense, we cannot see how this would have affected the outcome of the case. At the trial, seven witnesses identified Duest as being in Fort Lauderdale on February 15, 1982, when the murder occurred. In reaching its verdict, the jury chose to believe the state's witnesses rather than the witnesses introduced by the defense concerning Duest's whereabouts on the date of the murder. Whether or not Duest traveled from Boston to Fort Lauderdale fortynine days later was irrelevant, and the introduction of the bus ticket would have done little to enhance the credibility of Duest's parents.
Further, we reject Duest's argument predicated upon Roman v. State, 528 So.2d 1169 (Fla. 1988), that the effect of the nondisclosure of the bus ticket must be measured by the standard of harmless error in postconviction relief proceedings. In Roman, this Court vacated the defendant's conviction because the state had not disclosed two pretrial statements of a state witness which were inconsistent with his testimony at the trial. This witness was essential to negating the defendant's contention that he was insane by reason of intoxication when the crime was committed. *851 In referring to the harmless error rule in the course of rejecting the state's argument that this nondisclosure was harmless, we did not intend to create a new standard of review when discovery violations are proven in motions for postconviction relief. The test for measuring the effect of the failure to disclose exculpatory evidence, regardless of whether such failure constitutes a discovery violation, is whether there is a reasonable probability that "had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985).
Duest further argues that he is entitled to have a new sentencing proceeding because subsequent to the imposition of the death penalty his Massachusetts conviction for armed assault with intent to murder has been vacated.[*] He argues that because the aggravating circumstance of prior conviction of a felony involving the use or threat of violence to the person rested in part upon this conviction his death sentence should be vacated upon the authority of Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), and Burr v. State, 550 So.2d 444 (Fla. 1989). However, we conclude that Johnson and Burr do not mandate vacation of Duest's death sentence. We believe beyond a reasonable doubt that Duest would still have received a sentence of death without evidence of this conviction.
In Johnson, the Supreme Court vacated a death sentence predicated in part on the aggravating circumstance of prior conviction of a violent felony when the conviction upon which that aggravating circumstance was based was later set aside. However, in the instant case evidence was introduced that Duest had also been convicted of armed robbery. This conviction remains undisturbed. Therefore, there is still a basis for the aggravating circumstance of prior conviction of a violent felony. Bundy v. State, 538 So.2d 445 (Fla. 1989); Daugherty v. State, 533 So.2d 287 (Fla. 1988). In Burr the evidence of a collateral crime later held to be inadmissible provided much of the basis for two of the three aggravating circumstances.
Finally, it should be noted that there were three other valid aggravating circumstances applicable to Duest's sentence. As we stated in our opinion on direct appeal, "even if we were to find that one or two of the aggravating circumstances found by the trial judge, was inapplicable, it would still be appropriate to maintain the death penalty." Duest v. State, 462 So.2d at 450 (citations omitted).
We reject as without merit the following additional claims:
(1) The trial judge was in error for refusing to disqualify herself from presiding over the rule 3.850 proceeding.
(2) The judge and the jury improperly relied upon victim impact evidence.
(3) Duest was denied effective assistance of counsel by trial counsel's conflict of interest in giving advice to alibi witnesses.
(4) Trial counsel was ineffective for failing to seek to suppress statements made by Duest to law enforcement officers.
(5) The state withheld other material exculpatory evidence and introduced false and misleading evidence.
(6) Defense counsel unreasonably and prejudicially misinformed the jury regarding the burden of proof with respect to alibi.
(7) Duest was denied effective assistance of counsel at the sentencing phase of his trial.
Duest's contention that he was denied a fair trial when the state introduced evidence of flight is procedurally barred because of the failure to raise this issue on direct appeal. The same is true with respect to the claim that the state improperly introduced evidence of other crimes and bad character.
Duest also seeks to raise eleven other claims by simply referring to arguments *852 presented in his motion for postconviction relief. The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.

Petition for Writ of Habeas Corpus
Duest raises several points which he claims involve ineffective assistance of appellate counsel. We find that a number of these were not properly preserved for appeal by trial counsel. Therefore, appellate counsel cannot be deemed ineffective for failing to raise the following issues:
(1) The jury was improperly instructed on the especially heinous, atrocious, and cruel aggravating circumstance.
(2) Evidence of other crimes and bad character was improperly introduced by the state.
(3) The penalty phase jury instruction shifted the burden to Duest to prove that death was an inappropriate penalty.
(4) During the guilt phase the prosecutor improperly asserted that sympathy and mercy toward Duest were improper considerations, thus affecting the jury's considerations during the penalty phase.
(5) The jury's understanding of the importance of its role was impermissibly diminished.
(6) Nonstatutory aggravating factors were introduced into the sentencing phase.
(7) Evidence of Duest's post-Miranda silence was improperly introduced to show lack of remorse.
(8) Duest's death sentence was based on impermissible hearsay evidence contained in the presentence investigation report.
(9) The jury was erroneously instructed that a verdict of life must be made by a majority of the jury.
We also reject Duest's claim that appellate counsel was ineffective for failing to argue the prejudicial effect of a photograph of the victim's dresser upon which there was a picture of persons who may have been the victim's family. Trial counsel did object to the introduction of this photograph, and Duest complains that this was error under Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). The photograph of the dresser appears to have been relevant to the case, and the fact that a picture of persons who may have been the victim's family appeared in the photograph injected minimal victim impact evidence into the trial.
Further, Duest argues that appellate counsel was ineffective for failing to contend that the trial court erred in permitting, over objection, evidence that Duest tried to escape while he was in custody of the police. Duest was contacted by the Fort Lauderdale police on April 18, 1982, and advised that he was a suspect in the homicide. He voluntarily went to the police station for questioning. At this time, Duest was known to the police as Robert Brigida. Duest was questioned by a detective about the murder. It was then discovered that misdemeanor traffic warrants were pending in Massachusetts against Robert Brigida, and Duest was arrested on these warrants. Thereafter, when the detective momentarily left the room and returned, Duest was missing. He was found several hours later at a Fort Lauderdale apartment.
Duest's appellate counsel cannot be deemed ineffective for failing to argue this point. Evidence in this case raised a reasonable inference that Duest escaped as a result of consciousness of guilt of the murder rather than the pending Massachusetts charges. Consistent with the rationale of Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, 479 U.S. 894, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986), the jury could properly infer such circumstantial evidence to be evidence of guilt. The argument would have been unavailing had it been raised on direct appeal.
Duest's claim that appellate counsel was ineffective for failing to argue that testimony relating to an incident concerning Duest's use of a razor should have been excluded is also without merit. In the context in which the evidence was presented, it *853 may have been admissible. However, it is unnecessary for us to decide this question because even if it could be said that the evidence should have been excluded, the error would have been clearly harmless. Appellate counsel cannot be faulted for failing to argue a point which, even if correct, would amount to no more than harmless error.
Duest makes several other claims which are procedurally barred because they were not raised on direct appeal. These include the following:
(1) The trial court failed to find mitigating circumstances clearly contained in the record.
(2) Duest's death sentence rests upon an unconstitutional automatic aggravating circumstance.
(3) The aggravating circumstance of cold, calculated, and premeditated was unconstitutionally applied.
Finally, we note that Duest's claim for relief under Johnson v. Mississippi has been disposed of earlier in this opinion.

Conclusion
We affirm the order denying postconviction relief. We deny the petition for habeas corpus. We also vacate the stay of execution. No petition for rehearing shall be permitted.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
SHAW, J., concurs in result only.
BARKETT, J., concurs in result.
NOTES
[*] We reject the state's claim that Duest is procedurally barred from raising this issue because of his delay in seeking to have the conviction set aside.