660 So.2d 1386 (1995)
Robert Lacy PARKER, Petitioner,
v.
Richard L. DUGGER, Respondent.
Robert Lacy PARKER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74978, 78700.
Supreme Court of Florida.
October 5, 1995.
*1387 Jonathan C. Koch of Holland & Knight, Tampa, for Petitioner/Appellant.
Robert A. Butterworth, Attorney General; and Mark C. Menser and Barbara J. Yates, Assistant Attorneys General, Tallahassee, for Respondent/Appellee.
PER CURIAM.
Robert Lacy Parker seeks habeas corpus relief and appeals the circuit court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to article V, section 3(b)(1) and (9) of the Florida Constitution. For the reasons stated below, we deny his petition for habeas relief, but reverse the trial court's denial of his motion for postconviction relief.
A jury found Parker guilty of two counts of first-degree murder and recommended life imprisonment for each count. The trial court sentenced Parker to life imprisonment for one count, but overrode the jury's recommendation on the second count and sentenced him to death. On direct appeal, this Court affirmed the convictions and the death sentence. Parker v. State, 458 So.2d 750 (Fla. 1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985).
Trial counsel, who also served as appellate counsel, filed Parker's first 3.850 motion for postconviction relief,[1] which the trial court denied without an evidentiary hearing. This Court affirmed that denial in July 1986. Parker v. State, 491 So.2d 532 (Fla. 1986). During the pendency of that collateral proceeding, the governor signed Parker's first death warrant.
Trial/appellate counsel also filed a petition for habeas relief in federal court. Although the district court granted partial relief, the circuit court reversed that grant and denied the petition. Parker v. Dugger, 876 F.2d 1470 (11th Cir.1989), rev'd, 498 U.S. 308, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991). Parker's second death warrant was signed by the governor shortly thereafter. Trial/appellate *1388 counsel petitioned the United States Supreme Court for certiorari review of the circuit court's denial of habeas relief; certiorari was granted in June 1990.
In November 1989, volunteer counsel[2] also filed a habeas petition with this Court, and the State moved to dismiss the petition. On November 13, 1989, this Court stayed the execution and ordered that Parker "shall be allowed four (4) months from the date of this order within which to file any motions or petitions for any type of post-conviction or collateral relief, and may, within such time, file an amended habeas corpus petition." Within that time limit, Parker's current volunteer counsel filed an amended habeas petition with this Court and a second 3.850 motion with the trial court.
In January 1991, the United States Supreme Court held that Parker was denied meaningful review in his direct appeal to this Court and remanded the case for reconsideration of the death sentence. Parker v. Dugger, 498 U.S. 308, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991). In August 1991, the trial court summarily denied Parker's second 3.850 motion. Parker appealed that denial to this Court. Upon motion of Parker's volunteer counsel, we stayed consideration of the habeas petition and the 3.850 appeal pending our reconsideration of Parker's death sentence as ordered by the United States Supreme Court. On remand, we concluded that the jury override was improper, vacated the death sentence, and remanded for imposition of a life sentence. Parker v. State, 643 So.2d 1032 (Fla. 1994).
After the death sentence was vacated and Parker was resentenced to life in prison, we issued a consolidated briefing schedule and directed that only the guilt phase issues be addressed.

Motion for Postconviction Relief
The trial court summarily denied Parker's second 3.850 motion as "untimely" and "an improper, successive petition," without ruling on the merits. Parker seeks review of this ruling.[3] The State acknowledges that under similar circumstances this Court has chosen to "overlook the procedural default as it relates to claims of ineffective assistance of counsel." Breedlove v. Singletary, 595 So.2d 8, 11 (Fla. 1992) (permitting appellant to file second motion for postconviction relief challenging trial counsel's performance where first motion was filed by trial counsel).
Recognizing the unusual circumstances surrounding Parker's first 3.850 motion, namely that counsel could not raise issues regarding his performance as trial counsel, this Court issued an order permitting Parker to "file any motions or petitions for any type of post-conviction or collateral relief." Parker's second 3.850 motion was filed within the four-month time limit set by this Court, and therefore was not time-barred. Thus, we find that the trial court improperly determined that Parker's second 3.850 motion was procedurally barred.
However, the State also argues that Parker's claims have been waived because his initial brief includes only conclusory statements that the matter should be remanded to the trial court for a review of the merits of the claims and does not present argument in support of overturning the trial court's ruling. The State cites this Court's decision in Duest v. Dugger, 555 So.2d 849 (Fla. 1990), in support of this argument. We find Duest distinguishable from the instant case and therefore not controlling.
Duest involved an appeal of the trial court's denial of a motion for postconviction *1389 relief following an evidentiary hearing. Duest raised a number of claims in his appellate brief to this Court, but also sought to raise eleven other claims "by simply referring to arguments presented in his motion for postconviction relief." Id. at 851-52. We stated that "[m]erely making reference to arguments below without further elucidation does not suffice to preserve issues," and found these claims to be waived. Id. at 852.
In contrast, the trial court in the instant case specifically stated that it would "not rule on the merits of any of Mr. Parker's claims" because it found his petition to be "untimely and otherwise procedurally barred." State v. Parker, No. 82-1658CF (Fla. Cir. Ct. Aug. 30, 1991) (Order Denying Motion for Post Conviction Relief). The propriety of that ruling is the pertinent issue presented to this Court on appeal. Parker's appellate brief presents several arguments to refute the trial court's determination that his 3.850 motion was procedurally barred. The claims raised in Parker's postconviction motion are not deemed waived in this case where the trial court never reached the merits and based its denial entirely on a procedural bar.
In addition, the State argues that, even if the claims are not waived, the record conclusively shows that no relief is warranted. Thus, the State contends, the trial court did not err in denying these claims without an evidentiary hearing. However, not only did the trial court not conduct an evidentiary hearing in this case, the court never made a determination regarding the need for such a hearing. Nor did the court make a determination that the record conclusively showed that Parker was not entitled to relief. The court never looked beyond the procedural bar to consider the merits of Parker's claims. The trial court is the appropriate place for the initial evaluation of the merits of Parker's claims. We will not rule upon the merits of those claims when the trial court never reached the merits below.
Accordingly, we reverse the trial court's denial of postconviction relief and remand this cause for reconsideration by the trial court.

Petition for Writ of Habeas Corpus
Parker raises only one conviction issue in his habeas petition. He claims that appellate counsel was ineffective for failing to argue that the jury's general verdict of first-degree murder violated Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). The jury was instructed that it could find Parker guilty of first-degree murder on a theory of either premeditated murder or felony murder. Trial counsel objected to the felony murder instruction and submitted a requested verdict form that would have required the jury to specify whether it found Parker guilty of premeditated or felony murder. The objections were overruled and the jury returned a general verdict of guilty of first-degree murder on both counts.
On appeal, appellate counsel argued that the aggravating factor of "committed during a robbery" was not proven beyond a reasonable doubt and this Court agreed. Parker, 458 So.2d at 754. However, appellate counsel did not argue that this same lack of evidence failed to support a conviction based upon the felony murder theory. Parker now argues that counsel was ineffective in failing to claim that the jury was instructed on felony murder when that theory of liability was unsupported by the evidence.
This Court has said:
[W]hen entertaining a petition for writ of habeas corpus based on a challenge of ineffective assistance of appellate counsel, the issue before us is limited to "first, whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and, second, whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result."
Suarez v. Dugger, 527 So.2d 190, 192-93 (Fla. 1988) (quoting Pope v. Wainwright, 496 So.2d 798, 800 (Fla. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987)). We do not reach the second prong of that analysis, as we find that Parker has failed to demonstrate deficient performance by appellate counsel on the claim raised.
*1390 Stromberg involved a conviction under a California statute that prohibited the flying of red flags on three alternative grounds, one of which violated rights guaranteed by the First Amendment. The United States Supreme Court reversed the general verdict against Stromberg as it was impossible to tell if her conviction rested on the unconstitutional ground. 283 U.S. at 370, 51 S.Ct. at 536. As the United States Supreme Court recently explained, Stromberg does "not necessarily stand for anything more than the principle that, where a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground." Griffin v. United States, 502 U.S. 46, 53, 112 S.Ct. 466, 471, 116 L.Ed.2d 371 (1991). Neither felony murder nor premeditated murder is an unconstitutional ground on which to base a conviction. Thus, Stromberg is inapposite to the instant case.
Moreover, counsel's failure to claim that the jury was instructed on felony murder when that theory of liability was unsupported by the evidence would not constitute ineffective assistance of counsel in this case where the jury returned a general verdict and the evidence supported premeditation. As this Court explained, even the reversal of an underlying felony conviction does not affect a first-degree murder conviction where the jury is instructed on both premeditated and felony murder, there is ample evidence supporting premeditation, and the jury returns a general guilty verdict of murder. See Atwater v. State, 626 So.2d 1325, 1327-28 n. 1 (Fla. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994). On direct appeal this Court considers the sufficiency of evidence to support a first-degree murder conviction even if an appellant does not raise the issue. See Tibbs v. State, 397 So.2d 1120, 1126 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Fla. R.App.P. 9.140(f). In Parker's direct appeal, we "conducted an independent review of the record on trial and [found] no reason to award a new trial." Parker, 458 So.2d at 754. This means that we found sufficient evidence of premeditation to support Parker's first-degree murder convictions. Accordingly, we affirmed the convictions. Id. Thus, appellate counsel's failure to raise this nonmeritorious issue did not constitute ineffective assistance, see Chandler v. Dugger, 634 So.2d 1066, 1068 (Fla. 1994), and Parker is not entitled to habeas relief.

Conclusion
For the reasons discussed above, we deny Parker's petition for habeas relief, reverse the trial court's denial of his 3.850 motion for postconviction relief, and remand to the trial court for reconsideration of that motion.[4]
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] According to trial/appellate counsel, he filed Parker's postconviction motion by "default" when he became aware that the Office of Capital Collateral Representative (CCR) was unable to represent Parker because it was already representing Parker's co-defendant in collateral proceedings. Based upon the dual nature of his representation, trial/appellate counsel raised no issues regarding the effective assistance of counsel in the first 3.850 motion for postconviction relief.
[2] Because both CCR and trial/appellate counsel could not represent Parker due to conflict, see supra note 1, the Volunteer Lawyers' Resource Center of Florida, Inc. (VLRC) filed Parker's initial habeas petition with this Court. VLRC also recruited volunteer counsel from the law firm of Holland & Knight to file the amended habeas petition and the second 3.850 motion which are the subject of the instant cases.
[3] In his second 3.850 motion below, Parker raised the following claims relating to his convictions: 1) Trial counsel was ineffective in failing to discover that Parker was incompetent to stand trial; 2) Trial counsel was ineffective for pursuing the defense of duress while ignoring the defense of voluntary intoxication; 3) Trial counsel was ineffective in failing to secure the services of a competent mental health expert; and 4) Newly discovered evidence reveals improper state conduct regarding potential defense witnesses.
[4] In light of the fact that Parker's death sentence has been vacated, any appeal from the trial court's ruling on the motion should be directed to the First District Court of Appeal.