HARRIS, Judge.
Daniel J. Davis was convicted of possession of a firearm by a convicted felon and sentenced as an habitual offender. He appeals his conviction and sentence. We affirm.
Because Davis stipulated that he was a convicted felon prior to this incident, the only issue before the jury was whether he possessed a firearm at the time he approached his former wife’s home on the evening of June 21, 1995. She testified that she was awakened by a barking dog and, looking out the window, she saw Davis outside her house carrying something that “looked like a gun.” Both her boyfriend, who was present with her, and her neighbor also confirmed seeing Davis outside her house carrying something long that could have been a gun. She confronted Davis outside her home, fired off a few rounds from her handgun, and Davis fled the area. He was arrested later that evening. The record reflects that Davis had taken his roommate’s van and boots on the evening in question and that the roommate’s wife’s shotgun was also missing. The van and boots were returned to the roommate after Davis’ arrest although the shotgun was not immediately located.
After his arrest, Davis was advised of his Miranda rights by the officer transporting him to jail. Davis cursed through the reading of these rights and, in response to a question, professed to having no knowledge about a gun. Davis later initiated contact with Deputy Tomson in an effort to get the charges dropped and in the course of his discussion with Tomson (who did not repeat the Miranda warnings), made certain incriminating statements including an indication as to where the shotgun could be found.
After his conviction, but before sentencing, Davis unsuccessfully attempted to disqualify the judge. He was then sentenced as an habitual offender based on prior convictions which were considered over his objections.
First, Davis urges as reversible error the fact that after telling Officer Tomson he (Davis) was having an ongoing relationship with his former wife up to the date of this incident and asking Tomson to see if she would drop the charges, the prosecution was permitted to ask Tomson if he believed such a relationship continued to exist. Davis contends that this unfairly attacked his credibility. Not only was Davis’ objection not timely made (Davis did not object until after Tom-son testified that he did not believe such a relationship was ongoing), but its relevancy to the issue before the jury (whether he possessed a gun on the evening in question) is so tenuous that even if error, it would be harmless at best.
Davis also contends that even though he initiated conversation with Officer Tom-son, his statement that he had a shotgun on the evening in question but he intended to sell the gun to his former wife’s neighbor and “keep going,” should be suppressed because his Miranda warnings were not repeated. Although he admits that his Miranda warnings were earlier read to him, he now urges that he did not understand them. It is evident that the trial court did not believe him and, based on Davis’ prior record which would indicate a familiarity with Miranda, we cannot find this error. In any event, Davis initiated the subsequent conversation with Tomson in which the statement was made. Significantly, the admission that he had the shotgun on the night in question was *945 also made to Ms roommate who testified to it at trial. Therefore, any error in admitting the statement made to Officer Tomson would be harmless at best.
Davis next urges error in that the court did not grant a mistrial after the transporting officer made the following statement concerning an event that occurred during the trip to jail:
So he was in my passenger side rear seat. I slid open the back window and reached into my pocket and grabbed out my constitutional rights and read him Miranda warning, at wMch he was — he was cursing at me the whole time, and like my sergeant asked me to ask him, I asked him if there was any weapon, if he knew anything about a gun or a shotgun. “No, I don’t know what you’re talking about,” and he cursed at me several more times.
Davis contends that tMs statement is an improper comment on Ms right to remain silent. To the contrary, it show that he elected not to remain silent but to respond (deny any knowledge) concerning the shotgun. Perhaps a better objection would have been that the statement by the officer did not reflect that Davis orally responded that he understood Ms Miranda rights or that he waived them. That objection was not made. Again, it is apparent that the trial court believed that Davis understood Ms rights and that he demonstrated Ms waiver by responding to the question. Furthermore, a decision on whether to grant a mistrial is within the-sound discretion of the trial court. It should be granted only in circumstances where the error is so prejudicial as to vitiate the entire trial. Duest v. State, 462 So.2d 446 (Fla.1985). Such was not the case here.
Davis also urges that the trial court erred in not recusing himself upon motion prior to sentencing. The basis for his motion was not anything said or done by the trial judge that would indicate bias, but rather was based on reports made known to the trial court that Davis may have threatened to do the judge harm as well as a threat to do harm to Davis’ former wife. Certainly if a judge believed that such threats were made and believed that Davis was in a position to carry out the threats, he might well feel concern. There is no indication that the judge in tMs case was at all concerned. Nothing that the judge said or did is cited to us wMch shows bias. A defendant should not be able to so easily dispose of a judge by merely threatening him or her. We find no error in the judge’s refusal to recuse in tMs ease.
We also find no error in Davis’ other assignments of error.
AFFIRMED.
PETERSON, C.J., and GRIFFIN, J., concur.