PER CURIAM.
Clare Caldwell appeals the dismissal of her complaint by the Florida Commission on Human Relations (Commission) based on its conclusion that it lacked statutory authority under the Whistle-blower’s Act to investigate the complaint. Caldwell asserts that the Commission was not authorized to dismiss her complaint, but rather was obligated conduct the investigatory and fact-finding functions set forth in the Whistle-blower’s Act, sections 112.3187-31895, Florida Statutes. For the reasons that follow, we affirm the Commission’s dismissal of Caldwell’s complaint.

Facts

Caldwell was employed by the Florida Department of Elder Affairs (Department). Her employment was terminated on September 2, 2011. On October 18, 2011, Caldwell filed a complaint with the Commission alleging that her termination violated the Whistle-blower’s Act. Caldwell asserted that during an investigation of the Department by the Federal Administration on Aging, she “contact[ed] by telephone the Federal Investigator to alert him to the condition of the Ombudsman program and the gross misfeasance and malfeasance that were occurring within.”
On December 2, 2011, by letter issued to Caldwell in care of her attorney, the Com *1063 mission notified Caldwell that it had determined that it lacked jurisdiction to investigate her complaint because she failed to state a claim for which relief could be granted under the Whistle-blower’s Act:
The Florida Commission on Human Relations (Commission) has reviewed your charge form, alleging the Florida Department of Elder Affairs retaliated against you in violation of the Florida Public “Whistle-blower’s Act (Act), §§ 112.3187-112.31895, Florida Statutes (2011). A Commission representative also contacted you by telephone and obtained clarification of your allegations. Having taken all the information you provided into account, the Commission has determined your allegations failed to state a claim upon which relief may be granted under the Wdiistle-blower’s Act. Specifically, you did not engage in a protected activity as defined by the Act.
Accordingly, the Commission lacks jurisdiction to investigate this claim. §§ 112.3187-112.31895, Florida Statutes (2011).
The Commission informed Caldwell that she had the right to seek judicial review of this decision. Caldwell timely filed a notice of appeal.

Analysis

Our review of the Commission’s action begins “with the usual recognition of deference to an agency’s interpretation of a statute it is charged to administer.” Big Bend Hospice, Inc. v. Agency for Health Care Admin., 904 So.2d 610, 611 (Fla. 1st DCA 2005) (quoting Cone v. State, Dep’t of Health, 886 So.2d 1007, 1009 (Fla. 1st DCA 2004)).
The Commission’s authority to investigate whistle-blower complaints is set forth in section 112.31895, Florida Statutes. This section provides that the Commission shall receive any allegation of “personnel action prohibited by s. 112.3187 ... and conduct informal fact finding regarding any allegation under this section .... ” § 112.31895(2)(a), Fla. Stat. (2011)(emphasis added). Section 112.3187, Florida Statutes, in turn, prohibits an employer from taking retaliatory action against an employee who discloses information of a specified nature and discloses that information in a specified manner. The Act protects information disclosed about “[a]ny act or suspected act of gross mismanagement, malfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.” § 112.3187(5)(b), Fla. Stat. (2011) (emphasis added). Moreover, a whistle-blower complaint is considered sufficient only if it “is sufficiently precise to identify the parties and to describe generally the action or practice complained of.” Fla. Admin. Code R. 60Y-5.001(6)(b).
Contrary to the assertion in the dissent, Caldwell’s complaint failed to meet the pleading requirements to trigger an investigation. In her complaint, Caldwell alleged that she contacted a federal investigator “to alert him to the condition of the Ombudsman program and the gross misfeasance and malfeasance that were occurring within.” These conclusory allegations fail to describe any act or suspected act of misfeasance or malfeasance; thus, Caldwell failed to plead the prima facie elements necessary to initiate the operation of the Act.[1] Stanton v. Fla. Dep’t of *1064 Health, — So.3d -, -, 2013 WL 466280, 38 Fla. L. Weekly D325, D326 (Fla. 1st DCA Feb. 8, 2013) (holding that conclusory allegations of retaliation were insufficient to satisfy the pleading requirements the Act).
In her Initial Brief, Caldwell twice states that she was never allowed to amend her claim to cure any deficiency. These two isolated references constitute Caldwell’s entire argument that she should have been allowed an opportunity to amend her complaint before dismissal. These perfunctory statements are insufficient to present an argument for appellate review. See Shere v. State, 742 So.2d 215, 217 n. 6 (Fla.1999) (recognizing that an issue raised in a brief without argument is insufficiently presented for review); Coolen v. State, 696 So.2d 738, 742 n. 2 (Fla.1997) (finding that raising an argument in a footnote without fully briefing the issue constituted waiver of that argument); Duest v. Dugger, 555 So.2d 849, 852 (Fla.1990) (“The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.”); Stanton, — So.3d at -, 38 Fla. L. Weekly at D325 (finding that a perfunctory argument without any supporting argument or authority will not be addressed on appeal); Hammond v. State, 34 So.3d 58, 59 (Fla. 4th DCA 2010) (“Claims for which an appellant has not presented an argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived.”); Henderson v. State, 569 So.2d 925, 927 (Fla. 1st DCA 1990) (“In view of the perfunctory argument made by appellant and the state’s justifiable lack of response, we decline to consider the constitutional validity of this new provision in the statute for the reason that it has not been properly preserved and presented for review on this appeal.”). There mere fact that Caldwell further explained this argument in her Reply Brief does not revive this argument.[2]
We, therefore, conclude that the Commission properly exercised its inherent authority to dismiss Caldwell’s complaint. See Robinson v. Dep’t of Health, 89 So.3d 1079, 1082-83 (Fla. 1st DCA 2012) (holding that the Commission had the inherent authority to dismiss an untimely whistle-blower’s complaint because such authority was “necessarily incident to the power to review timely complaints”).
AFFIRMED.
LEWIS and ROWE, JJ., concur; BENTON, C.J., dissents with opinion.

. The dissent argues that Tillery and Stanton do not control the outcome of this case because they are distinguishable. In Tillery, the complaint was insufficiently pled because there was no allegation as to when or to whom the complainant made the whistler-blower disclosures. In Stanton, the complaint was insufficiently pled because the alie- *1064 gations of retaliation were conclusory and it was unclear that the disclosure was made to a proper party. In this case, the complaint was insufficiently pled because the allegations of misfeasance and malfeasance were concluso-ry. All three complaints suffered from different pleading deficiencies; however, the result is the same in that they failed to plead the prima facie elements necessary to trigger the operation of the Act. Thus, contrary to the assertions set forth in the dissent, this case is controlled by the general principles set out in Tillery and Stanton.

. As we have previously held, an argument may not be raised for the first time in a reply brief. See Tillery, 104 So.3d at 1255, Hall v. State, 823 So.2d 757, 763 (Fla.2002); Coolen v. State, 696 So.2d 738, 742 n. 2 (Fla.1997); Duest v. Dugger, 555 So.2d 849, 852 (Fla.1990); Goings v. State, 76 So.3d 975, 980 (Fla. 1st DCA 2011); Mathis v. Dep’t of Corrections, 726 So.2d 389, 392 n. 5 (Fla. 1st DCA 1999).