ROWE, J.,
dissenting.
Although I agree with the majority that the trial court erred in considering the financial assistance Appellant received from relatives in determining whether Appellant had the ability to pay restitution, Appellant did not properly raise the argument on appeal. While Appellant preserved the argument for appeal by objecting in the trial court, Appellant did not raise the argument in her brief. Therefore, this issue has been waived. McDonald v. Pickens, 544 So.2d 261, 264 (Fla. 1st DCA 1989); see also Caldwell v. Fla. Dep’t. of Elder Affairs, 121 So.3d 1062, 1064 (Fla. 1st DCA 2013) (“ ‘Claims for which an appellant has not presented any *335 argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived.’ ”) (quoting Hammond v. State, 34 So.3d 58, 59 (Fla. 4th DCA 2010)).
Although Appellant mentions the financial assistance she received from her relatives in her brief, stating “Appellant testified she received some irregular assistance from relatives and that her boyfriend sometimes helped,” this statement was made as part of a recitation of the facts, and Appellant did not elaborate or make any arguments regarding the court’s reliance on the assistance when it determined her ability to pay. As a result, the argument was not properly presented for review.