POLSTON, J.,
dissenting.
As the majority explains in footnote 2, the issue decided by the Second District and then by this Court, whether to apply the efficient proximate cause doctrine instead of the concurring cause doctrine, was not raised by the parties before the trial *701 court or the Second District. Accordingly, the Second District should not have decided this issue. See Pagan v. State, 29 So.3d 938, 957 (Fla.2009) (stating that the “purpose of an appellate brief is to present arguments in support of the points on appeal” and failing to do so will mean that such claims are “deemed to have been waived” (quoting Duest v. Dugger, 555 So.2d 849, 852 (Fla.1990))); City of Miami v. Steckloff, 111 So.2d 446, 447 (Fla.1959) (“An assigned error will be deemed to have been abandoned when it is completely omitted from the [appellate] briefs.”); see also Robertson v. State, 829 So.2d 901, 906 (Fla.2002) (“[Generally, if a claim is not raised in the trial court, it will not be considered on appeal.” (quoting Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999))). Therefore, I would quash and remand for the Second District to consider the issue raised by the parties, and I would not reach the merits of the issue decided by this Court.
I respectfully dissent.