FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0144
_____

CAROLYN KOWALSKI n/k/a
CAROLYN MCCORMICK,

    Appellant,

    v.

JANIS E. BROWN and TERENCE
M. BROWN,

    Appellees.

_____

On appeal from the Circuit Court for Alachua County.
Susanne Wilson Bullard, Judge.

July 10, 2024

PER CURIAM.

AFFIRMED. *See Parisi v. Broward Cnty.*, 769 So. 2d 359, 366 (Fla. 2000) (noting a trial court's "unquestioned authority to order a civil contempt fine to compensate for losses sustained," which is to "be based on evidence of the injured party's *actual loss*" (internal quotation and citation omitted)); *S. Dade Farms, Inc. v. Peters*, 88 So. 2d 891, 899 (Fla. 1956) (noting that a trial court may assess "a 'compensatory fine' to be paid by the wrongdoing party to the party injured" when a "violation of the [equitable] decree has resulted in damages to the injured party"); *see also Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) (noting that "[i]n

appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error," so the order on review should be affirmed where "the record brought forward by the appellant is inadequate to demonstrate reversible error"); *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014) (regarding a civil-contempt order, "where an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal"); *cf. Coolen v. State*, 696 So. 2d 738, 742 n.2 (Fla. 1997) (observing that "failure to fully brief and argue these points constitutes a waiver of these claims"); *Duest v. Dugger*, 555 So. 2d 849, 852 (Fla. 1990) ("The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived."); *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) ("Furthermore, in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.").

B.L. THOMAS, M.K. THOMAS, and TANENBAUM, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Carolyn McCormick, *pro se*, Petitioner.

Charles Daniel Sikes, Charles Daniel Sikes, P.A., Starke, for Respondent, Janis E. Brown.

No appearance for Respondent, Terence M. Brown.