565 So.2d 318 (1990)
William Michael SQUIRES, Appellant,
v.
STATE of Florida, Appellee.
No. 76152.
Supreme Court of Florida.
July 5, 1990.
*319 Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. Capital Collateral Representative, and Julie D. Naylor and Jerome H. Nickerson, Assts. Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This is an appeal from the denial of a motion for postconviction relief following a sentence of death, accompanied by an application for stay of execution and for oral argument. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
Squires was convicted of murder and sentenced to death. His conviction and sentence were affirmed by this Court in Squires v. State, 450 So.2d 208 (Fla.), cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). He filed a motion for postconviction relief which was denied without a hearing. On appeal, this Court reversed in part and remanded for an evidentiary hearing on specified issues. Squires v. State, 513 So.2d 138 (Fla. 1987). Following the evidentiary hearing, the trial court once again denied the motion. We affirmed the trial court's order. Squires v. State, 558 So.2d 401 (Fla. 1990).
After the governor signed a death warrant, Squires filed a second motion for postconviction relief. The trial court denied the motion without a hearing. Squires now appeals from the order of denial. Rather than filing a brief, he makes his arguments in the application for stay of execution.
Squires' primary contention rests upon the events which occurred during the recent execution of Jesse Tafero. During Tafero's execution, flames and smoke erupted from the headpiece of the electric chair. A subsequent investigation by the Department of Corrections attributed this to the use of a synthetic sponge which caught fire. Squires filed affidavits in support of his contention that Florida's electric chair is defective and the Department of Corrections is incompetent to carry out its statutory duty to execute. He argues that the means selected by the state to carry out the death penalty is malfunctioning so that his execution will be carried out with unnecessary pain and suffering in violation of the eighth amendment's proscription against cruel and unusual punishment.
This issue was recently addressed by this Court in Buenoano v. State, 565 So.2d 309 (Fla. 1990), in which we affirmed the summary denial of a similar motion. While recognizing that Buenoano's claim was not procedurally barred because it was based on recent events, we stated:
Turning to the merits, we note that the execution of condemned prisoners is clearly a matter within the province of the executive branch of government. § 922.09, Fla. Stat. (1989). It must be presumed that members of the executive branch will properly perform their duties. The Department of Corrections conducted an investigation and concluded that the irregularities in Tafero's execution were caused by the use of a synthetic sponge. We do not find that the record as proffered justifies judicial interference with the executive function to require an evidentiary hearing to determine the competence of the Department of Corrections to carry out Buenoano's execution. Death by electrocution is not cruel and unusual punishment, and one malfunction is not sufficient to justify a *320 judicial inquiry into the Department of Corrections' competence. See Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 463 [67 S.Ct. 374, 376, 91 L.Ed. 422] (1947) (plurality opinion).
Buenoano, 565 So.2d at 311. We further note that the United States District Court, Middle District of Florida, Orlando Division, held an evidentiary hearing on this same issue and rejected the contention that the problems accompanying the Tafero execution had a substantial probability of recurring. Holding that the evidence was sufficient to negate any constitutional claim of cruel and unusual punishment, the district judge denied relief. Buenoano v. Dugger, No. 90-473-Civ-Orl-19, 1990 WL 119637 (M.D.Fla. June 22, 1990).
Squires also claims that he was denied the effective assistance of counsel at the sentencing phase of his trial. This claim is procedurally barred. The claim was raised in his previous motion for postconviction relief. The trial court rejected the claim, and this Court affirmed the order of denial. Moreover, his current motion for postconviction relief was filed beyond the two-year time limit of Florida Rule of Criminal Procedure 3.850.
We affirm the order denying Squires' motion for postconviction relief. We deny the application for stay of execution and for oral argument. No petition for rehearing shall be permitted.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH and GRIMES, JJ., concur.
KOGAN, J., concurs in part and dissents in part with an opinion.
BARKETT, J., did not participate in this case.
KOGAN, Justice, concurring in part and dissenting in part.
I concur with the majority opinion that Squires' claim of ineffective assistance of counsel at the sentencing phase of his trial is procedurally barred.
However, as to the issue of cruel and unusual punishment raised by Squires, I respectfully dissent based upon my dissenting opinion in Buenoano v. State, 565 So.2d 309 (Fla. 1990).