565 So.2d 320 (1990)
James William HAMBLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 76315.
Supreme Court of Florida.
July 16, 1990.
*321 Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. Capital Collateral Representative, and Julie D. Naylor, Asst. Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from the denial of a motion for postconviction relief following a sentence of death, accompanied by an application for stay of execution and for oral argument. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
Hamblen was convicted of murder and sentenced to death. His conviction and sentence were affirmed by this Court in Hamblen v. State, 527 So.2d 800 (Fla. 1988). He then filed a petition for habeas corpus which we denied. Hamblen v. Dugger, 546 So.2d 1039 (Fla. 1989).
After the governor signed a death warrant, Hamblen filed a motion for postconviction relief. The trial court denied the motion without a hearing. Hamblen now appeals from the order of denial. Rather than filing a brief, he makes his arguments in the application for stay of execution.
Hamblen's only contention rests upon the events which occurred during the recent execution of Jesse Tafero. During Tafero's execution, flames and smoke erupted from the headpiece of the electric chair. A subsequent investigation by the Department of Corrections attributed this to the use of a synthetic sponge which caught fire. Hamblen filed affidavits in support of his contention that Florida's electric chair is defective and the Department of Corrections is incompetent to carry out its statutory duty to execute. He argues that the means selected by the state to carry out the death penalty is malfunctioning so that his execution will be carried out with unnecessary pain and suffering in violation of the eighth amendment's proscription against cruel and unusual punishment.
This issue was recently addressed by this Court in Buenoano v. State, 565 So.2d 309 (Fla. 1990), in which we affirmed the summary denial of a similar motion. While recognizing that Buenoano's claim was not procedurally barred because it was based on recent events, we stated:
Turning to the merits, we note that the execution of condemned prisoners is clearly a matter within the province of the executive branch of government. § 922.09, Fla. Stat. (1989). It must be presumed that members of the executive branch will properly perform their duties. The Department of Corrections conducted an investigation and concluded that the irregularities in Tafero's execution were caused by the use of a synthetic sponge. We do not find that the record as proffered justifies judicial interference with the executive function to require an evidentiary hearing to determine the competence of the Department of Corrections to carry out Buenoano's execution. Death by electrocution is not cruel and unusual punishment, and one malfunction is not sufficient to justify a judicial inquiry into the Department of Corrections' competence. See Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 463 [67 S.Ct. 374, 376, 91 L.Ed. 422] (1947) (plurality opinion).
Buenoano, 565 So.2d at 311. Accord Squires v. State, 565 So.2d 318 (Fla. 1990). The additional affidavits filed in support of Hamblen do not change our view.
We further note that the United States District Court, Middle District of Florida, Orlando Division, held an evidentiary hearing on this same issue and rejected the contention that the problems accompanying the Tafero execution had a substantial probability of recurring. Holding that the evidence was sufficient to negate any constitutional claim of cruel and unusual punishment, the district judge denied relief. Buenoano v. Dugger, No. 90-473-Civ-Orl-19, 1990 WL 119637 (M.D.Fla. June 22, 1990).
We affirm the order denying Hamblen's motion for postconviction relief. We deny the application for stay of execution and *322 for oral argument. No petition for rehearing shall be permitted.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH and GRIMES, JJ., concur.
BARKETT, J., concurs specially with an opinion.
KOGAN, J., dissents with an opinion.
BARKETT, Judge, concurring specially.
I would grant a stay of execution and relief based on the reasons expressed in my dissent in the direct appeal of this case. Hamblen v. State, 527 So.2d 800, 806-09 (Fla. 1988) (Barkett, J., dissenting). However, I agree that the Court has ruled adversely on this issue in Hamblen's direct appeal. Likewise, although I adhere to the views expressed in my dissent in Buenoano v. State, 565 So.2d 309 (Fla. 1990) (Barkett, J., dissenting), I recognize that the Court has ruled adversely on this issue as well.
KOGAN, Judge, dissenting.
I respectfully dissent based upon my dissenting opinion in Buenoano v. State, 565 So.2d 309 (Fla. 1990).