565 So.2d 322 (1990)
Jerry WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 76306.
Supreme Court of Florida.
July 17, 1990.
Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Chief Asst. Capital Collateral Representative, Gail E. Anderson, Staff Atty., and Judith J. Dougherty, Asst. Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard B. Martell, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from the denial of a motion for postconviction relief following a sentence of death, accompanied by an application for stay of execution and for oral argument. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
White was convicted of robbing a small grocery store and shooting to death a customer. The murder conviction and sentence of death were affirmed. White v. State, 446 So.2d 1031 (Fla. 1984). Subsequent to the signing of the first death warrant, White filed an application for stay of execution and a motion for postconviction relief under Florida Rule of Criminal *323 Procedure 3.850. The stay was granted and the motion denied following an evidentiary hearing. The denial was affirmed. White v. State, 559 So.2d 1097 (Fla. 1990). Following the signing of the second death warrant, White's successive rule 3.850 motion was denied without an evidentiary hearing. He appeals that order.
White contends that Florida's electric chair is defective and that the Department of Corrections is incompetent to conduct executions. We have ruled otherwise. Squires v. State, 565 So.2d 318 (Fla. 1990); Buenoano v. State, 565 So.2d 309 (Fla. 1990).
At sentencing, the court found as an aggravating circumstance that White previously had been convicted of a violent felony. White now contends that the prior convictions underlying that circumstance were unlawfully obtained but he does not argue this point as grounds for appeal in the present case.
We affirm the order denying White's motion for postconviction relief. We deny the application for stay of execution and for oral argument. No petition for rehearing will be permitted
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH and GRIMES, JJ., concur.
BARKETT, J., concurs specially with an opinion.
KOGAN, J., dissents with an opinion.
BARKETT, Judge, concurring specially.
I would grant a stay of execution and relief based on the reasons I expressed in Buenoano v. State, 565 So.2d 309 (Fla. 1990) (Barkett, J., dissenting). However, I recognize that the Court has ruled adversely on this issue.
KOGAN, Judge, dissenting.
I respectfully dissent based upon my dissenting opinion in Buenoano v. State, 565 So.2d 309 (Fla. 1990).