565 So.2d 1343 (1990)
Anthony BERTOLOTTI, Appellant,
v.
STATE of Florida, Appellee.
No. 76344.
Supreme Court of Florida.
July 24, 1990.
*1344 Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Chief Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard B. Martell, Asst. Atty. Gen., Tallahassee, for appellee.
EHRLICH, Justice.
Anthony Bertolotti, a prisoner under sentence of death for whom a third death warrant has been signed, appeals the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Bertolotti presents his arguments in an application for stay of execution.[1] We have jurisdiction, pursuant to article V, section 3(b)(1), Florida Constitution, and affirm the denial of relief.
Bertolotti was convicted of the 1983 murder of an Orlando woman and was sentenced to death. The conviction and sentence were affirmed by this Court on direct appeal. Bertolotti v. State, 476 So.2d 130 (Fla. 1985). In response to a death warrant with execution scheduled for November 16, 1987, Bertolotti filed a motion for postconviction relief and stay of execution with the trial court and a petition for writ of habeas corpus and motion for stay with this Court. The petition and motion for stay were denied by this Court in Bertolotti v. Dugger, 514 So.2d 1095 (Fla. 1987). The trial court granted a stay of execution in order to hold an evidentiary hearing, after which relief was denied. That denial was affirmed by this Court on appeal. Bertolotti v. State, 534 So.2d 386 (Fla. 1988).
In response to a second death warrant which was signed in January 1989, Bertolotti sought relief from the federal courts. Although a petition for writ of habeas corpus was denied by the federal district court, a stay of execution was entered. The Eleventh Circuit ultimately affirmed the denial of relief. Bertolotti v. Dugger, 883 F.2d 1503 (11th Cir.1989), cert. denied, ___ U.S. ___, 110 S.Ct. 3296, 111 L.Ed.2d 804 (1990).
A third warrant was signed on July 3, 1990, with execution scheduled for Tuesday, July 24, 1990. The motion for postconviction relief which is the subject of this appeal was filed on Monday, July 23, 1990. The same day, the trial court summarily denied this successive rule 3.850 motion. The instant appeal and application for stay of execution followed. This Court granted a 48-hour stay in order to allow adequate review by this Court.
Bertolotti raised two claims before the trial court. The first claim that Florida's electric chair is defective and that the Department of Corrections is incompetent to conduct executions has repeatedly been rejected by this Court. See White v. State, 565 So.2d 322 (Fla. 1990); Hamblen v. State, 565 So.2d 320 (Fla. 1990); Squires v. State, 565 So.2d 318 (Fla. 1990); Buenoano v. State, 565 So.2d 309 (Fla. 1990).
Summary denial of Bertolotti's second claim that victim impact evidence and argument were considered in violation of Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987) and South Carolina v. Gathers, ___ U.S. ___, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989), was also proper. In connection with this claim, Bertolotti *1345 first argues that testimony of the victim's husband, concerning the victim's poor health, which was elicited during the guilt phase of the trial was improper victim impact evidence. He also contends that it was error under Booth for the victim's husband to testify, during the penalty phase, concerning her fear of strangers. The last instance of alleged Booth error occurred during the following portion of the state's closing argument:
There is one thing about capital cases, cases where the death penalty is involved; and that is, when we get to this stage of the trial, the victim is kind of off in the background, forgotten. We keep emphasizing that person sitting over there, a defendant convicted of murder in the first degree. And Carol Ward is just kind of an abstract person. Everybody's forgotten about her.

Well, in this situation Carol Ward was robbed of her life. She was robbed of her money. But Carol Ward is not the only person that demands justice in this case. The state demands justice. The state demands justice for Anthony Bertolotti.
If this business of the death penalty and the law is to be respected, if it's to have any meaning whatsoever, if Carol Ward is to receive justice and if Anthony Bertolotti is to receive justice, the only appropriate sentence that you can return here is to come right back in the courtroom to look Anthony Bertolotti right in the eye and say, "Anthony Bertolotti, for what you did and for what you are, death is the appropriate penalty under the law."
Anything less in this case would only confirm what we see running around on the bumper stickers of these cars, and that is that only the victim gets the death penalty.
(emphasis appellant's).
As noted by the trial court, this claim is procedurally barred because Bertolotti's first rule 3.850 motion was filed after the United States Supreme Court issued it's decision in Booth and Bertolotti fails to demonstrate why this claim was not raised at that time. See Witt v. State, 465 So.2d 510 (Fla. 1985). The trial court is also correct that none of the above instances of alleged Booth violation were preserved for review. Eutzy v. State, 541 So.2d 1143, 1145 (Fla. 1989); Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). The specific legal ground upon which a claim is based must be presented to the trial court, in order to preserve an issue for appeal. Bertolotti v. Dugger, 514 So.2d 1095 (Fla. 1987). The objections made in connection with the victim's husband's testimony were evidentiary in nature and were insufficient to preserve a Booth challenge for review. In fact, on direct appeal, Bertolotti challenged the testimony given during the penalty phase as not being proper "habit" evidence under the evidence code. Further, even if this portion of Bertolotti's claim had been properly preserved, Booth does not preclude evidence of characteristics of the victim which are relevant to the circumstances of the crime. The victim's fear of strangers and the fact that she would not allow strangers in the house unless her husband was present was relevant to whether a burglary had occurred. Testimony that because of the victim's poor health she and her husband had not had sexual intercourse in over a month was relevant to whether a sexual battery had occurred.
Likewise, while an objection was raised at the end of the above quoted portion of the prosecutor's argument, this objection was to the final statement that "[a]ny less [than the death penalty] in this case would only confirm what we see running around on the bumper stickers of these cars, and is that only the victim gets the death penalty." See Bertolotti v. State, 476 So.2d 130, 133 n. 3 (Fla. 1985). Even if this objection were found to be sufficient to preserve this claim, we agree with the Eleventh Circuit that these comments do not rise to the level condemned in Booth. 883 F.2d 1503, 1524 n. 19 (11th Cir.1989).
*1346 Accordingly, the order of the trial court denying relief is affirmed and the stay of execution is lifted.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT, J., concurs in result only.
KOGAN, J. concurs in part and dissents in part with an opinion.
KOGAN, J., concurring in part and dissenting in part.
I concur in the opinion of the majority with the exception that I would order a stay and direct that the trial judge conduct an inquiry into whether or not the electric chair is properly functioning for the reasons set forth in my opinion in Buenoano v. State, 565 So.2d 309 (Fla. 1990).
NOTES
[1] The two claims raised are adequately presented in the twenty-five page application for stay of execution. Therefore, we deny Bertolotti's request for oral argument and request for a 10-day period in which to file a brief.