574 So.2d 63 (1990)
John MILLS, Jr., Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 75023.
Supreme Court of Florida.
November 8, 1990.
Rehearing Denied February 28, 1991.
*64 Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. CCR, Judith J. Dougherty, Asst. CCR, and Gail Anderson, Staff Atty., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
John Mills, a prisoner on death row, petitions this Court for a writ of habeas corpus. We have jurisdiction pursuant to article V, section 3(b)(1), (9), Florida Constitution, and deny the petition.
We affirmed Mills' conviction of first-degree murder and sentence of death in Mills v. State, 462 So.2d 1075 (Fla.), cert. denied, 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985). After the signing of Mills' first death warrant, we affirmed the trial court's denial of postconviction relief and denied Mills' first habeas corpus petition. Mills v. State, 507 So.2d 602 (Fla. 1987). We subsequently denied Mills' second petition for writ of habeas corpus without opinion. Mills v. Dugger, 523 So.2d 578 (Fla. 1988). This petition, therefore, is Mills' third, and we find that all claims raised are procedurally barred.
The instant petition contains twelve issues: 1) victim impact information violated Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and South Carolina v. Gathers, 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989); 2) the state introduced evidence of nonstatutory aggravating factors; 3) the instruction on the heinous, atrocious, or cruel aggravating factor was improper; 4) the instruction on the cold, calculated, and premeditated aggravating factor was improper; 5) the instruction on the pecuniary gain aggravating factor was improper; 6) the trial court used the same facts to find two aggravating factors; 7) the findings of fact do not demonstrate an independent weighing; 8) the trial court failed to consider mitigating evidence;[1] 9) the instructions prevented *65 the jury from giving effect to Mills' mitigating evidence; 10) the instructions shifted the burden to Mills to show life imprisonment to be the appropriate penalty; 11) the court erred in telling the jury it could not consider mercy or sympathy toward Mills; and 12) the court incorrectly instructed the jury on the vote needed to recommend life imprisonment. Mills claims that these issues involve ineffective assistance of appellate counsel and fundamental error or are predicated on significant changes in the law. As Mills concedes, or as the state points out, or as our own observations have disclosed, most of the current issues have been raised and considered before. The few issues new to this petition could and should have bene raised before now.
As we have stated numerous times, habeas corpus is not to be used "for obtaining additional appeals of issues which were raised, or should have been raised, on direct appeal or which were waived at trial or which could have, should have, or have been, raised in" prior postconviction filings. White v. Dugger, 511 So.2d 554, 555 (Fla. 1987). Moreover, allegations "of ineffective counsel will not be permitted to serve as a means of circumventing the rule that habeas corpus proceedings do not provide a second or substitute appeal." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987). In attempting to avoid a procedural bar Mills relies on cases such as Penry v. Lynaugh, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989); Gathers; Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988); Adamson v. Ricketts, 865 F.2d 1011 (9th Cir.1988), cert. denied, ___ U.S. ___, 110 S.Ct. 3287, 111 L.Ed.2d 795, abrogated by Walton v. Arizona, ___ U.S. ___, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990); Rhodes v. State, 547 So.2d 1201 (Fla. 1989); and Jackson v. Dugger, 547 So.2d 1197 (Fla. 1989). All of the cases he cites, however, are inapplicable to Florida, are not such changes in the law as to provide postconviction relief, or are factually distinguishable from the instant case, and we have rejected the issues raised here in other cases. E.g., Bertolotti v. State, 565 So.2d 1343 (Fla. 1990); White v. Dugger, 565 So.2d 700 (Fla. 1990); Squires v. Dugger, 564 So.2d 1074 (Fla. 1990); Porter v. Dugger, 559 So.2d 201 (Fla. 1990); Clark v. Dugger, 559 So.2d 192 (Fla. 1990). Therefore, the issues raised in this petition are procedurally barred.
Because we held in Jackson that Booth is a fundamental change in the law that requires retroactive application, however, the procedural bar of Mills' first claim requires further explanation.[2] Jackson killed a sheriff's deputy, and at her sentencing proceeding the sheriff testified as to the impact of the deputy's death on his fellow officers and the community. On appeal we found no reversible error regarding the sheriff's testimony. After Booth, however, we found this testimony to be the type of victim impact evidence prohibited by Booth and Gathers. In the interests of fairness we directed a new sentencing proceeding.
This case is factually distinguishable from Jackson, and Booth and Gathers do not apply. Mills claims that the following three areas constitute impermissible victim impact evidence: 1) allowing the victim's father to identify at trial property stolen from his son's home; 2) the prosecutor's ridiculing Mills' race and religion, his attempts to show Mills' alleged anti-white feelings, and his arguing the comparable worth of the victim and Mills; and 3) letters from the victim's family and friends attached to Mills' PSI. Mills objected to the first two matters, and we considered them on direct appeal, 462 So.2d at 1079-80, and in his first postconviction proceedings. *66 507 So.2d at 603, 605-06. He did not, however, object on the specific legal ground now advanced. See Bertolotti; Grossman v. State, 525 So.2d 833 (Fla. 1988), cert. denied, 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989). Furthermore, the matters complained about now do not constitute the type of evidence, or rise to the level of the evidence, condemned in Booth and Gathers. Those cases do not prohibit evidence regarding the victim when such evidence is relevant to the circumstances of the crime. Bertolotti. See Smith v. Dugger, 565 So.2d 1293 (Fla. 1990). Thus, we find Booth inapplicable to the first two items complained about now. Regarding the third item, the letters in the PSI, Mills did not object to them, and Jackson and Grossman require an objection to preserve Booth error.[3] Challenging the letters now, therefore, is procedurally barred. Bertolotti; Smith.
Finding all issues raised procedurally barred, we deny the petition for writ of habeas corpus.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] This claim includes a reference to Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). Hitchcock claims are time barred if not raised by Aug. 1, 1989, Spalding v. Dugger, 547 So.2d 1210 (Fla. 1989), and are not cognizable in habeas corpus petitions filed after Mar. 9, 1989. Hall v. State, 541 So.2d 1125 (Fla. 1989). Accord Tafero v. State, 561 So.2d 557 (Fla. 1990). Mills filed the instant petition on Nov. 15, 1989.
[2] We explain our holding the Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), claim procedurally barred despite that claim's being time barred. We decided Mills' first round of postconviction proceedings before the United States Supreme Court released Booth on June 15, 1987. Mills, however, filed a second habeas corpus petition on Jan. 8, 1988, but did not raise Booth. Mills has failed to demonstrate good cause for not raising the instant claim at that time, and, therefore, it is procedurally barred now. See Bertolotti v. State, 565 So.2d 1343 (Fla. 1990).
[3] Although we do not decide the merits of this claim, we note that there is no reference to these letters in the sentencing order, and Mills has not shown that the trial court relied on them. We will not assume such reliance.