622 So.2d 943 (1993)
John MILLS, Jr., Petitioner,
v.
Harry K. SINGLETARY, etc., Respondent.
No. 80326.
Supreme Court of Florida.
April 1, 1993.
Rehearing Denied June 17 and September 2, 1993.
Larry Helm Spalding, Capital Collateral Representative, and Gail E. Anderson and Martin J. McClain, Asst. Capital Collateral Representatives, Office of Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
John Mills, a prisoner on death row, petitions the Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. We deny the petition because the issues raised in it are procedurally barred.
This is Mills' fourth habeas petition, and we have ruled against him in all prior proceedings: Mills v. State, 462 So.2d 1075 (Fla.) (direct appeal), cert. denied, 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985); Mills v. State, 507 So.2d 602 (Fla. 1987) (postconviction motion and first habeas petition); Mills v. Dugger, 523 So.2d 578 (Fla. 1988) (second habeas petition); Mills v. Dugger, 574 So.2d 63 (Fla. 1990) (third habeas petition). Mills raises two issues in the instant petition: 1) the instructions on the aggravators of heinous, atrocious, or cruel and cold, calculated, and premeditated were invalid and, therefore, resentencing is required by Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), and Sochor v. Florida, ___ U.S. *944 ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); and 2) finding committed during a felony as an aggravator was an improper automatic aggravator. These issues are procedurally barred because they could have been, should have been, or were raised previously. Mills, 574 So.2d at 65.
At trial Mills objected that the heinous, atrocious, or cruel aggravator did not apply to the facts of his case. The trial judge disagreed and instructed the jury as to that factor and, of his own volition, expanded the instruction to define the terms. Mills did not object to the form of the instruction and such an objection is necessary to preserve an Espinosa claim. Likewise, Mills did not object at trial that the wording of the instruction of the cold, calculated aggravator was unconstitutionally insufficient, and, thus, his current claim is procedurally barred. Hodges v. State, 595 So.2d 929 (Fla. 1992). Mills attacked these instructions in his third habeas petition, but we found the issue procedurally barred. Id. 574 So.2d at 64-65.
Relief is also not warranted because of Sochor. In Sochor the Court remanded for our consideration because it did not see where, on the face of our opinion on direct appeal, we did a harmless error analysis in holding that the trial court erred in finding an aggravator. We affirmed all of the aggravators found by Mills' trial court, and, therefore, Sochor is not applicable to the facts of Mills' case.
Because the second issue could have been raised before now, it, too, is procedurally barred.
Therefore, finding that the issues raised are procedurally barred, we deny the petition for writ of habeas corpus.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.