622 So.2d 951 (1993)
Phillip Alexander ATKINS, Petitioner,
v.
Harry K. SINGLETARY, etc., Respondent.
No. 80108.
Supreme Court of Florida.
May 27, 1993.
Rehearing Denied September 2, 1993.
*952 Larry Helm Spalding, Capital Collateral Representative, and Martin J. McClain, Chief Asst. CCR, Office of Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Phillip Alexander Atkins, an inmate under sentence of death, petitions this Court for extraordinary relief and writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
The facts of the case and procedural history are recited in the prior cases brought by Atkins in Florida and federal courts. Atkins v. Singletary, 965 F.2d 952 (11th Cir.1992) (affirming denial of habeas); Atkins v. Dugger, 541 So.2d 1165 (Fla. 1989) (denial of 3.850 motion); Atkins v. State, 497 So.2d 1200 (Fla. 1986) (appeal after remand); Atkins v. State, 452 So.2d 529 (Fla. 1984) (initial direct appeal).
Atkins now complains that he is entitled to relief on two more issues: (1) that he was denied his constitutional rights when a new jury was not impaneled during his penalty phase on remand from his initial direct appeal; and (2) that he was denied his constitutional rights when this Court denied his request for time to investigate and obtain a proffer of allegedly exculpatory evidence purportedly discovered immediately prior to oral argument.
We find both of these issues barred because they either were or should have been raised in Atkins' earlier appeals and petitions; and we find the second claim additionally barred because the matters raised by Atkins could not possibly have altered the outcome of the trial. Moreover, we find nothing in recent federal cases cited by Atkins that would lift the bar. See Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992); Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); Stringer v. Black, ___ U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992). Accordingly, the present petition is denied.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.