626 So.2d 168 (1993)
Ricky Bernard ROBERTS, Petitioner,
v.
Harry K. SINGLETARY, Respondent.
No. 81112.
Supreme Court of Florida.
September 16, 1993.
Rehearing Denied November 17, 1993.
Michael J. Minerva, Interim Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR, and Thomas H. Dunn, Sp. Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Ralph Barreira, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
Ricky Bernard Roberts, an inmate under sentence of death, petitions this Court for writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We deny the petition because the issue raised in it is procedurally barred.
The facts of this case and its procedural history are recited in prior cases brought in this Court. See Roberts v. State, 568 So.2d 1255 (Fla. 1990); Roberts v. State, 510 So.2d 885 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988).
This is Roberts' second habeas corpus petition in this Court. He seeks relief claiming that recent decisions of the United States Supreme Court in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992); and Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992), relating to jury instructions on the aggravating circumstance of heinous, atrocious, or cruel constitute a change in Florida law that must be applied to his claim. Roberts asserts that this change establishes fundamental error in his sentencing which would require this Court to reverse and remand to the trial court for a new sentencing procedure.
The State urges that this claim is procedurally barred because defense counsel did not object to the form of the instruction, only to its applicability in the present case.
We agree with the State. The record here does not reflect any objection on the grounds of unconstitutionality or vagueness of the instruction given. Instead, defense counsel objected to the applicability of the instruction *169 in this case. We have repeatedly held that claims are procedurally barred where there was a failure at trial to object to the instruction on the grounds of vagueness or unconstitutionality. See, e.g., Sims v. Singletary, 622 So.2d 980 (Fla. 1993); Mills v. Singletary, 622 So.2d 943 (Fla. 1993); Atkins v. Singletary, 622 So.2d 951 (Fla. 1993); Turner v. Dugger, 614 So.2d 1075, 1081 (Fla. 1992); Melendez v. State, 612 So.2d 1366, 1369 (Fla. 1992), petition for cert. filed, (U.S. Aug. 9, 1993) (No. 93-5528); Johnson v. Singletary, 612 So.2d 575, 577 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 2049, 123 L.Ed.2d 667 (1993); Kennedy v. Singletary, 602 So.2d 1285, 1285 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992); see also Sochor, ___ U.S. at ___ & n. **, 112 S.Ct. at 2120 & n. **.
Accordingly, we deny the petition for writ of habeas corpus.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.