ALTENBERND, Judge.
John Warringer Smith, III, has filed a petition for writ of habeas corpus seeking review of an order of the circuit court acting in its appellate capacity. We treat the petition as a request for common-law certiorari, and deny it.
Mr. Smith was placed on probation in county court for the offense of driving under the influence of alcohol. He allegedly violated the conditions of his probation and was sentenced to six months in the county jail. At the conclusion of the sentencing hearing, Mr. Smith’s attorney announced that he would appeal and requested that bond be set for Mr. Smith’s release pending appeal. The court granted the motion and set the bond at $5000. Mr. Smith’s attorney immediately requested a mitigation of this amount, arguing that over a period of four years Mr. Smith had always appeared for his many scheduled hearings. No argument or evidence was presented to establish that the bond was otherwise excessive, although the record reflects that a public defender had been appointed to represent Mr. Smith because he was indigent.
After the appeal was filed in circuit court, Mr. Smith filed a motion for review of the order relating to posttrial release. See Fla. R.App.P. 9.140(e)(4). He has not supplied this court with a copy of the motion for review or any documentation that may have been filed in support of that motion. From the circuit court appeal, he has provided only a copy of the order denying a “motion for posttrial release.” This is the order that Mr. Smith challenges in his petition for writ of habeas corpus.
It is well established that habeas corpus may not be used to obtain additional appeals of issues which were raised, or should have been raised, on direct appeal. Mills v. Dugger; 574 So.2d 63 (Fla.1990). Mr. Smith had the opportunity to litigate the amount of his bond in county court. He had the right to seek review of that ruling in circuit court, and elected to pursue that right. He is not entitled to employ a petition for writ of habeas corpus merely to obtain a second review of the trial court order in this case.
At most, Mr. Smith is entitled to a review of the circuit court order through a petition for common-law certiorari. He has not established that the circuit court order violated any clearly established principle of law resulting in a miscarriage of justice. See Combs v. State, 436 So.2d 93 (Fla.1983). On the face of this record, the amount of the bond seems somewhat higher than one might normally expect under these circumstances, but the size of the bond is not so extreme as to warrant relief through certiorari.
Petition for writ of certiorari denied.
DANAHY, A.C.J., and PATTERSON, J., concur.