678 So.2d 1232 (1996)
Rickey Bernard ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 87438.
Supreme Court of Florida.
June 6, 1996.
Rehearing Denied September 4, 1996.
*1233 Martin J. McClain, Chief Assistant CCR, and Jennifer M. Corey, Assistant CCR, Office of the Capital Collateral Representative, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Fariba N. Komeily, Assistant Attorney General, Miami, for Appellee.
PER CURIAM.
Rickey Bernard Roberts, a prisoner under sentence of death, appeals the trial court's denial of his second motion for postconviction relief and request for stay of execution. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
Roberts was convicted of first-degree murder, armed sexual battery, and armed kidnapping. The facts of the murder are set forth in Roberts v. State, 510 So.2d 885 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988). The jury recommended the death penalty by a vote of seven to five. The judge imposed the death sentence, finding four aggravating circumstances: *1234 1) the defendant had been previously convicted of a violent felony; 2) at the time of the commission of the capital felony the defendant was under a sentence of imprisonment; 3) the capital felony was committed during the commission of sexual battery; and 4) the capital felony was especially heinous, atrocious, or cruel. The judge found no mitigating circumstances. Id. at 887-88. On appeal, this Court affirmed Roberts' convictions and the sentences imposed, including the death penalty. Id. at 895.
After the governor signed Roberts' first death warrant on August 29, 1989, Roberts filed his first motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Following the trial court's summary denial of the 3.850 motion, this Court granted a stay of execution on October 26, 1989. Roberts also appealed the summary denial of his postconviction motion to this Court and filed a petition for a writ of habeas corpus. Roberts v. State, 568 So.2d 1255 (Fla.1990). This Court found the twenty-four issues raised in the appeal to be either procedurally barred or without merit and affirmed the trial court's summary denial. Id. at 1260. We also denied Roberts' petition for habeas relief. Id. at 1263.
Roberts filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida, raising twenty-five claims. After an evidentiary hearing and argument by the parties, the district court found the claims either to be procedurally defaulted or without merit and denied habeas relief. Roberts v. Singletary, 794 F.Supp. 1106 (S.D.Fla.1992). The Eleventh Circuit Court of Appeals affirmed the denial of habeas relief. Roberts v. Singletary, 29 F.3d 1474 (11th Cir.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 2560, 132 L.Ed.2d 814 (1995).
Roberts filed a second petition for a writ of habeas corpus with this Court in 1993, arguing that he was entitled to a new sentencing proceeding based upon several decisions of the United States Supreme Court relating to jury instructions on the heinous, atrocious, or cruel aggravating circumstance. Roberts v. Singletary, 626 So.2d 168 (Fla.1993). We denied the petition, finding the issue to be procedurally barred because defense counsel raised no objection as to the form of the instruction. Id. at 168-69.
Roberts recently filed two civil complaints for disclosure of public records under chapter 119. The first complaint was filed in circuit court in Dade County in August 1995, seeking disclosure of records in the state attorney's files. The second complaint was filed in circuit court in Leon County in September 1995, seeking records held by the Attorney General's office. Both complaints resulted in proceedings before this Court. In the first action, the state attorney's office filed a petition seeking review of the circuit court's order denying motions to dismiss and to quash subpoenas. We denied the state attorney's petition and ordered that the depositions proceed under the terms and conditions specified by the circuit court. Office of State Attorney v. Roberts, 669 So.2d 251 (Fla.1996) (table report of unpublished order). In the second action, the circuit court determined that the Attorney General's office had properly withheld certain documents as exempt from disclosure under chapter 119. Thus, the court denied Roberts' complaint for disclosure of the records. On appeal, this Court affirmed the circuit court's order. Roberts v. Butterworth, 668 So.2d 580 (Fla.1996).
During the pendency of the public records cases, the governor signed Roberts' second death warrant. Although execution was originally scheduled for February 23, 1996, this Court issued a temporary stay of execution to permit Roberts to bring this appeal.
Roberts filed a second motion for postconviction relief and a request for a stay of execution with the circuit court in Dade County on February 20, 1996. The circuit court denied Roberts' motion without an evidentiary hearing on February 21, 1996, and denied his request for a stay. Roberts appeals the denial of his 3.850 motion to this Court.
Of the six claims that Roberts raises on appeal, we find most to be either procedurally barred or without merit. Issues two (death penalty based on unconstitutional prior conviction) and five (State knowingly presented false testimony by police officer at *1235 trial) are procedurally barred. We find no merit to issues four (denial of motion to disqualify) and most of issue six (innocent of first-degree murder and death penalty). To the extent that Roberts requests relief based upon the pendency of collateral proceedings in Maryland to vacate a prior conviction, we find that no relief is warranted on that basis. See Eutzy v. State, 541 So.2d 1143, 1146 (Fla.1989).
However, we determine that two of the issues raised by Roberts require remand to the trial court for further proceedings. The first issue involves Roberts' claim that he is entitled to relief because a prosecution witness has recanted her trial testimony. This claim is based upon an affidavit executed under oath by prosecution witness Rhonda Haines, who was Roberts' girlfriend at the time of the killing. In the affidavit that was appended to Roberts' 3.850 motion, Haines recants her trial testimony that Roberts confessed to killing the victim and that he told her some details of the killing. She also recants her trial testimony that no promises or threats prompted her testimony. She now alleges that an assistant state attorney pressured her for a "better" story and suggested facts to her and that she adopted those suggested facts as her testimony. She further states that the assistant state attorney arranged to have her outstanding prostitution charges in Broward County "disappear" in return for her testimony.
Roberts argues that he was entitled to an evidentiary hearing on this claim as the recanted testimony constitutes newly discovered evidence that establishes that he was erroneously convicted. The State asserts that Haines' factual allegations are disputed by prosecutor Sam Rabin's deposition, wherein Rabin states that he left the state attorney's office almost ten months before Roberts' case was tried. This, the State argues, disputes Haines' allegations that Rabin coerced or cajoled her trial testimony. Moreover, the State contends, Haines' affidavit does not meet the test set forth in Jones v. State, 591 So.2d 911, 915 (Fla.1991), because it probably would not "produce an acquittal on retrial."
We find that the trial court improperly denied this claim without an evidentiary hearing. Haines' recanted testimony qualifies as newly discovered evidence because "the asserted facts `must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence.'" Id. at 916 (quoting Hallman v. State, 371 So.2d 482, 485 (Fla.1979)). Such claims are cognizable under rule 3.850, which provides that a motion for postconviction relief should only be denied without hearing "[i]f the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief." Fla.R.Crim.P. 3.850(d).
In this case, the State acknowledged the necessity of an evidentiary hearing before the trial judge.[1] It would have been helpful for the judge to give reasons for his ruling, but the judge's order is silent as to why he denied the evidentiary hearing. We agree that this issue should be remanded for an evidentiary hearing. See Johnson v. Singletary, 647 So.2d 106, 111 (Fla.1994) (remanding case for limited evidentiary hearing to permit affiants to testify and allow appellant to "demonstrate the corroborating circumstances sufficient to establish the trustworthiness of [the newly discovered evidence]").
We also find error as to the public records issue. Roberts claims that the State obstructed his efforts to depose witnesses regarding public records and withheld other public records. After this Court denied the state attorney's petition to review the order relating to Roberts' public records request, *1236 we ordered that the depositions proceed forthwith and that any proceedings pending in the trial court be transferred to the criminal division of the circuit court where Roberts' rule 3.850 motion would be considered. When several deponents refused to answer questions on the advice of the state attorney, Roberts' counsel certified the questions and filed a motion to compel the deponents to answer. The State filed a motion to transfer the proceedings to the original trial judge. Based upon this Court's order, the administrative judge who heard the State's motion granted the motion to transfer and refused to hear the public records issue. Thus, Roberts raised the deposition issue in his 3.850 motion.
The State contends that the certified questions exceed the scope of the public records deposition and made this same argument at the hearing below. It is apparent from the transcript of the hearing that the judge denied this claim without reviewing the questions to determine if the deponents should be compelled to answer. The trial court is the appropriate place for the initial evaluation of the merits of a rule 3.850 motion. Parker v. Dugger, 660 So.2d 1386, 1389 (Fla.1995). Thus, on remand the court should make a determination as to the certified questions.
The court's failure to hold an evidentiary hearing and to consider the public records issue is exacerbated by the nature of the order entered here. Rule 3.850(d) requires that "[i]n those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the prisoner is entitled to no relief shall be attached to the order." While we have found failure to attach the pertinent portion of the files and record not to be reversible error in some instances, see, e.g., Goode v. State, 403 So.2d 931, 932 (Fla.1981) (finding trial court's order denying relief not procedurally defective where it referenced specific pages of record in lieu of attachment of portion of files and record), we cannot reach that conclusion in this case. Here, the order denies Roberts' motion for postconviction relief after "having considered the Motion [to Vacate Judgment and Sentence], the State's Answer thereto, the files and records in this cause, and arguments of counsel, and being otherwise fully advised in the premises." There are no records or files attached, no citation to the portions of the record that the judge relied upon in denying relief, nor any explanation for the basis of the court's ruling. Thus, we can only speculate as to the court's basis for denying the motion.
For the reasons expressed above, we remand this cause to the Circuit Court of the Eleventh Judicial Circuit for an evidentiary hearing on the issue of Haines' recanted testimony and for consideration of the public records issue. The court is directed to conduct this hearing within sixty days of this opinion. We have by separate order issued a stay of Roberts' execution.
It is so ordered.
KOGAN, C.J., and SHAW and ANSTEAD, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
HARDING, J., concurs in part and dissents in part with an opinion.
GRIMES, J., dissents with an opinion, in which WELLS, J., concurs.
WELLS, J., dissents with an opinion.
OVERTON, Justice, concurring in part and dissenting in part.
I concur with a remand of this case because I find that an evidentiary hearing is required whenever a material witness in a capital case asserts under oath, as part of the 3.850 motion, that the witness's testimony at trial was a lie. Whether that testimony would have affected the outcome of the trial is a factual determination that must be made by the trial judge after an evidentiary hearing at which the recanting witness testifies what was the truth and what was a lie. I dissent from those parts of the majority opinion that address public record and discovery issues.
I would strongly suggest to the legislature that it review the perjury statute and increase *1237 the statute of limitations for perjured testimony in capital cases from the present three years to twenty-five years. Notably, prior to 1971, there was no statute of limitations for perjury committed in a capital case.
HARDING, Justice, concurring in part, dissenting in part.
I respectfully dissent from the majority's decision to remand this matter for an evidentiary hearing. I agree with the majority that the trial judge's handling of this case was woefully inadequate. His failure to give reasons for the rulings in his order and his ruling on questions certified during the deposition without reviewing them was inappropriate. Yet, even if all the assertions of Roberts were accepted as true and Haines' testimony had not been admitted in the trial and had all the questions asked of the prosecutors been answered to favor Roberts, I could not conclude that the results would have been different. Therefore, I conclude that the denial of relief should be affirmed. However, inasmuch as the majority deems that this cause should be remanded, I would concur that the trial court should conduct an evidentiary hearing as to both the recanted testimony and the public records issues.
GRIMES, Justice, dissenting.
I cannot see how Haines' affidavit given ten years after the fact which recanted her trial testimony and readopted the position she took before trial can constitute newly discovered evidence. However, even if it does and assuming her current position had also been made known to the jury, I cannot believe that the outcome of the trial probably would have been different.
WELLS, J., concurs.
WELLS, Justice, dissenting.
I dissent because I do not believe that the majority was correct in staying appellant's execution or in finding that an evidentiary hearing was necessary. I write separately to directly address a recurring procedural problem in capital proceedings after the Governor signs a death warrant.
In a successive 3.850 motion, the burden is on the petitioner to make a prima facie demonstration of the entitlement to an evidentiary hearing. Here, appellant claims that a hearing is necessary on this successive 3.850 motion on the basis of newly discovered evidence. However, if the evidence is not newly discovered, then appellant has not made the required initial showing, and there is no entitlement to a hearing. For there to be any order in postconviction relief proceedings, both trial courts and this Court must strictly test what is claimed to be newly discovered evidence. The absence of staunch adherence to this test results in inordinate delays in postconviction proceedings. It is obvious that 3.850 motions which are carefully timed and include cleverly drafted affidavits, can be used to manipulate the system to bring capital proceedings to a halt.
It is my view that in this proceeding, appellant Roberts did not carry the required burden of making a prima facie demonstration that the evidence contained in the affidavit of Rhonda Haines was newly discovered evidence. To carry this burden, appellant had to pass a two-part test: first, appellant had to show that the asserted facts must have been unknown by the trial court, by the party, or by counsel at the time of the trial; second, appellant had to show that appellant or his counsel could not have known them by use of diligence. Majority op. at 1235. Haines' recantation does not pass this test.
Rhonda Haines' recent affidavit in substance merely contains a reversion to the statements which Haines had made prior to the trial in a sworn deposition. This testimony was inconsistent with her trial testimony; however, appellant was able to use this testimony to impeach Haines in front of the jury at the trial.[2] The only difference at a new trial would be the claim that Haines lied at the trial rather than at the deposition. Knowledge of her conflicting testimony was available and was used at the trial. This is *1238 not newly discovered and thus does not warrant an evidentiary hearing.
Moreover, appellant failed to set forth in detail why he or counsel could not have known about this recantation earlier. Appellant must show as a threshold requirement that this successive motion for relief was filed within two years of the time when this "newly discovered evidence" could have been discovered through the exercise of due diligence. See Bolender v. State, 658 So.2d 82, 85 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 12, 132 L.Ed.2d 896 (1995). Haines' affidavit, however, is lacking in that it does not state when she was contacted by appellant's counsel about giving the present affidavit and does not in any way explain why the information in the affidavit was not available before the date of it, which is February 14, 1996. Further, the affidavit of the investigator for the Capital Collateral Representative (CCR) who gave CCR Haines' address on February 10, 1996, does not explain how he obtained the address and why the address could not have been obtained prior to February 10, 1996. This affidavit did not include Rhonda Haines' present address, and her address was not given to the State prior to the hearing on the motion. Additionally, appellant made no attempt to have Rhonda Haines' testimony available for an evidentiary hearing.
Even assuming arguendo that appellant had met his prima facie burden of showing in these affidavits that there could be an evidentiary basis upon which to conclude that Haines' affidavit is newly discovered evidence, the decision as to whether it actually is newly discovered evidence should be left to the trial judge, who can base a decision on the evidence presented at the hearing. I believe that the majority is clearly incorrect in accepting this as an established fact.
Assuming further that Haines' affidavit is prima facie newly discovered information, that information is, in total, a recantation of her trial testimony. Justices of this Court have long recognized that recanted testimony is "exceedingly unreliable." See Henderson v. State, 135 Fla. 548, 561, 185 So. 625, 630 (1938) (Brown, J., concurring). Certainly in this instance, this recanted testimony, which as previously pointed out is actually just a reversion to a statement given by Haines to defense counsel shortly after the murder, should not be the basis for finding it is probable that a different verdict would result from a new trial. See Armstrong v. State, 642 So.2d 730, 735 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1799, 131 L.Ed.2d 726 (1995).
In sum, it is my view that the majority decision to stay the scheduled execution and reverse the trial court's denial of the rule 3.850 motion sanctions the use of procedural tools which strike at the very foundation of our trial system, the effectiveness of which depends upon finality. Appellant served his motion on February 20, 1996, while the execution was scheduled for 7 a.m., February 23, 1996. The motion was based on a recantation in a witness's affidavit which did not contain the address of the witness, who was represented to be in California. Appellant made no attempt to produce the witness at the hearing, and appellant made no offer to have the witness made available for interrogation by the State prior to the hearing.
The reason this strikes at the foundation of our trial system is the weight the witness's affidavit of recantation is allowed to assume simply by its timing. This is an affidavit which, if true, means that the witness committed perjury in 1985 in her trial testimony. The statute of limitations for that perjury has expired.[3] Thus, we have an affidavit from a witness who appellant has not produced, for whom appellant has not even provided an address, and, if the affidavit is accepted as true, who is an admitted perjurer who cannot be prosecuted. See generally Lightbourne v. State, 644 So.2d 54 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1406, 131 L.Ed.2d 292 (1995). This affidavit stayed appellant's execution because the motion was filed so close to the time of the execution that an evidentiary hearing could not have been timely held because the witness was not present. Our system works because we presume that witnesses sworn to *1239 tell the truth do so. The majority turns that presumption on its head and gives such great weight to an affidavit of recantation of an unavailable witness that it trumps the trial testimony and becomes the operative testimony at this climactic point in the proceeding. An affidavit in the form here submitted should not have that power. Cf. Herrera v. Collins, 506 U.S. 390, 416, 113 S.Ct. 853, 869, 122 L.Ed.2d 203 ("[I]n state criminal proceedings the trial is the paramount event for determining the guilt or innocence of the defendant."). At the very least, under the circumstances of recanted testimony, the burden should be on appellant to have the perjuring witness ready and available to testify when the Court schedules the motion for hearing. For the future, I would urge that a procedure be adopted under which a rule 3.851 motion filed after a warrant is signed would only require an evidentiary hearing when the defendant has a witness available and ready to proffer the testimony to be presented at the evidentiary hearing at the time the court schedules the hearing on the motion.
As to the second issue upon which the majority bases its holding, I do not believe that in a successive rule 3.850 proceeding the trial court should be called upon to rule upon objections to deposition questions unless it is demonstrated as a threshold predicate that the question is related to the newly discovered evidence upon which the motion is based. The public records law is severely abused when a prisoner is allowed to use it to take civil fishing-expedition depositions for a successive rule 3.850 proceeding. That is precisely what occurred here, and it should not be countenanced by the majority ordering the trial court to rule on the certified questions in the depositions in this case.
NOTES
[1] The transcript of the hearing before Judge Solomon includes several instances where the state attorney acknowledged that an evidentiary hearing was required as to this issue. The following statement made during the State's initial argument is illustrative:

We're suggesting that the Court may want to direct counsel to have his witness available for a brief evidentiary hearing on that one issue and resolve any factual conflict which exists. Because otherwise, we submit, then, the pleadings cannot justify the denial of the Motion to Vacate Judgment.
State v. Roberts, No. 84-13010 (Fla.Cir.Ct. Feb. 21, 1996) (Transcript of Proceedings at 24).
[2] Under section 90.801(2), Florida Statutes (1983), this prior inconsistent statement, made at a deposition, could not only be used to impeach but could be used as substantive evidence. Thus, through the impeachment, the jury heard Haines testify to these facts at the trial.
[3] Under Florida law, a prosecution for perjury must be commenced within three years after the perjury is committed. See §§ 775.15(2)(b), 837.02, Fla.Stat. (1995).