960 So.2d 890 (2007)
Robert BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4472.
District Court of Appeal of Florida, Fourth District.
July 18, 2007.
Robert Brown, Florida City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse, in part, an order summarily denying Brown's rule 3.850 motion for post-conviction relief. We conclude that Brown has demonstrated entitlement to a hearing on his claim of newly discovered evidence.
Brown was convicted of manslaughter for the stabbing death of the victim. The motion included a claim of prosecutorial misconduct in which Brown claims that the prosecution deliberately deceived the court and the jury by presenting critical testimony which the state knew was false.
Brown attached, as exhibit B to his motion, an affidavit of a state witness, Jerome Fiddeman, stating that he had testified falsely. Fiddeman said that he was held in jail without bond until trial and was told his own charges would be dropped if he testified against Brown, notwithstanding that he had told the prosecution he did not know anything about the case and was not there when the incident happened, but had heard about it the next day.
Brown claims that without Fiddeman's testimony, there was no proof as to Brown's motive  that he was out to get the victim because the victim previously had stolen drugs from him  and that the remaining evidence was not inconsistent with Brown's allegation of self-defense.
Brown had stated to the police that the stabbing occurred when he resisted the victim's attempt to rob him, and they struggled over the victim's pistol. His *891 statements were published to the jury at his trial.
The state has not disputed that Brown did not know of the information in Fiddeman's affidavit before his trial and could not have discovered it with the exercise of due diligence. See McLin v. State, 827 So.2d 948 (Fla.2002) (holding that an evidentiary hearing is required on a claim of newly discovered evidence, based on the recantation of trial testimony, unless the sworn allegations are conclusively refuted by the record, or are inherently incredible); see also Roberts v. State, 678 So.2d 1232, 1235 (Fla.1996); Robinson v. State, 736 So.2d 93 (Fla. 4th DCA 1999).
Because we review Brown's claim as one based on newly discovered evidence, we need not resolve whether he is also entitled to relief for prosecutorial misconduct pursuant to Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).[1]
We, therefore, reverse and remand for further proceedings on this ground only. In all other respects, the order is affirmed.
SHAHOOD, C.J., STONE and GROSS, JJ., concur.
NOTES
[1] To prove a Giglio violation, "a defendant must show: (1) that the testimony was false; (2) that the prosecutor knew the testimony was false; and (3) that the statement was material." Cooper v. State, 856 So.2d 969, 973 (Fla.2003) (quoting Spencer v. State, 842 So.2d 52, 70 (Fla.2003)). We recognize that Fiddeman's affidavit indicates he told the authorities two versions as to what he knew. Whether the state "knew" the original version was false and the later version was true is not clear. However, it is arguable that Fiddeman told the prosecution that he knew nothing about the case and that the prosecution, nevertheless, insisted that he testify to his recanted version.