SUAREZ, J.
 

 Wilfredo A. Zelaya appeals from a summary denial of a postconviction motion under Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evi-dentiary hearing.
 

 The defendant has filed the affidavit of the victim’s mother, which he claims is newly discovered evidence. The affidavit states that the victim, who was under twelve years of age at the time of the charged crime, has told her that the crimes did not actually take place. The trial court summarily denied defendant’s motion of newly discovered evidence. Under this court’s standard of review, we are obligated to reverse “unless the record shows conclusively that the appellant is entitled to no relief....” Fla. R. App. P. 9.141(b)(2)(D). On the face of this pleading and accompanying affidavit, we cannot determine whether the recantation is true, or whether the evidence can be deemed newly discovered and was timely raised
 
 *427
 
 under the rules. Therefore, because the record does not at this time conclusively refute the defendant’s claim, we reverse the order now before us and remand for an evidentiary hearing for the trial court to determine whether or not this evidence qualifies as newly discovered, and for such other proceedings as may be appropriate.
 
 See Roberts v. State,
 
 678 So.2d 1232 (Fla.1996);
 
 Jones v. State,
 
 591 So.2d 911, 916 (Fla.1991);
 
 Brantley v. State,
 
 912 So.2d 342 (Fla. 3d DCA 2005).
 

 Reversed and remanded for further proceedings.